[No. 35180-0-I.   Division One.   July 21, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT
A. DUVALL, *Appellant*.

*James R. Dixon* and *Nielsen, Broman & Associates; Neal J. Philip* and *Ende, Subin & Philip*; and *Jeanette Brinster* of *Northwest Defenders Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Charles Lind, Deputy,* for respondent.

BECKER, J. — Robert Duvall objects to a restitution order entered 257 days after sentencing. We apply the doctrine of equitable tolling and affirm. We also uphold the exceptional sentence Duvall received upon conviction for child molestation and assault of a child.

## TIME LIMIT TO DETERMINE RESTITUTION

Duvall claims the order of restitution is void because the court imposed it beyond the 60-day time limit of for-

mer RCW 9.94A.142(1) (1994).[1] That statute required the sentencing court to "determine the amount of restitution due at the sentencing hearing or within sixty days."[2]

The court below held a sentencing hearing on August 26, 1994. On that date, the court imposed restitution in an amount to be determined at a hearing scheduled for October 25. Duvall explicitly refused to waive his right to be present at the setting of restitution. Before the hearing, the State presented to Duvall's attorney a proposed order fixing the amount of restitution at $844.72. Believing the amount to be reasonable, the attorney signed the order on Duvall's behalf. The court then entered the order ex parte on October 19, without a hearing and in the absence of Duvall. This action occurred with 6 days remaining of the statutory 60-day time limit.

When Duvall learned of the restitution order months later, he moved through new counsel to vacate it. He alleged that the order was void because he had not authorized counsel to agree to it, and had not waived his right to be present. The court then held a hearing on May 10, 1995, with Duvall present. The court found that Duvall indeed had not waived his right to be present at the entry of the restitution order of October 19, and consequently set that order aside.

Because the 60-day time limit had elapsed by this time, Duvall contended that the court no longer had jurisdiction to impose restitution. The court reasoned, however, that the first order was voidable rather than void. Because several days of the 60-day period still remained at the time the court entered the first order, the court concluded that it was not too late to act within the 60-day period, and proceeded to enter a new restitution order in the same amount.

On appeal, Duvall adopts the language of the court below and asks us to hold that the first order was void,

---

[1] *Cf.* RCW 9.94A.142(1) (1996) (time limit extended to 180 days in 1995).

[2] RCW 9.9A.142(1) (1994).

rather than voidable. Because the trial court granted Duvall's motion to vacate the first order, characterization of that order as void or voidable is a moot issue on appeal. The State here defends only the second order, which is the only order of consequence to Duvall.

With respect to the second order, neither Duvall's constitutional right to be present at sentencing,[3] nor CrR 3.4 requiring the presence of defendant at sentencing, is at issue. Duvall *was present* at the only restitution hearing that was held, and he had a chance to object to the only order currently in effect.

■ Duvall contends the second restitution order was void as a result of being entered after the 60-day time limit had elapsed. If the Legislature intended the 60-day period as a jurisdictional limit, then the court was without power to determine restitution after 60 days had expired. But if the Legislature intended the 60-day period to operate as an ordinary statute of limitations, then the limit is subject to principles of waiver and estoppel, including the doctrine of equitable tolling.[4] The doctrine of equitable tolling permits a court to allow an action to proceed when justice requires it, even though a statutory time period has nominally elapsed.[5]

■ The Supreme Court decided in *State v. Moen*[6] that the 60-day period is not a jurisdictional limit, holding "untimely imposition of restitution as a condition of a

---

[3]*See State v. Walker*, 13 Wn. App. 545, 556, 536 P.2d 657 (1975); *United States v. Gagnon*, 470 U.S. 522, 105 S. Ct. 1482, 84 L. Ed. 2d 486 (1985).

[4]*See Zipes v. Trans-World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982), *cited in Douchette v. Bethel School District*, 117 Wn.2d 805, 810, 818 P.2d 1362 (1991). *See generally Zipes*, 455 U.S. at 389-97 (discussing whether the time limit to bring claim is jurisdictional).

[5]*Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 94-96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990); *Lombardo v. Secretary of Health & Human Servs.*, 34 Fed. Cl. 21, 24 (1995).

[6]*State v. Moen*, 129 Wn.2d 535, 919 P.2d 69 (1996).

sentence is not a jurisdictional defect."[7] Instead, the 60-day period operates like an ordinary statute of limitations. A trial court may toll an ordinary statute of limitations under appropriate circumstances. Appropriate circumstances generally include "bad faith, deception, or false assurances by the defendant, and the exercise of diligence by the plaintiff."[8] Courts typically permit equitable tolling to occur only sparingly, and should not extend it to a "garden variety claim of excusable neglect."[9]

■■ What occurred in the present case was not mere neglect by the court or the State. A sentencing court does not need to hold an evidentiary hearing to determine the proper amount of restitution if a defendant acknowledges or admits to the amount of loss suffered by the victim.[10] The signature of Duvall's counsel on the first "agreed" restitution order, however mistaken, was a false assurance that induced the court to believe a hearing in Duvall's presence was unnecessary. The court justifiably relied on Duvall's purported consent via his attorney.[11]

A further limitation on the use of equitable tolling is that it should be consistent with the purposes of the specific statute of limitation as well as the general purposes of the statute.[12] Undoubtedly, the purpose for the mandatory 60-day (now 180-day) limit is to avoid delay in the resolution of a criminal charge. As with the rules mandating prompt arraignment and speedy trial, the

---

[7]*Moen*, 129 Wn.2d at 545.

[8]*Finkelstein v. Security Properties, Inc.*, 76 Wn. App. 733, 739-40, 888 P.2d 161, *review denied*, 127 Wn.2d 1002, 898 P.2d 307 (1995).

[9]*Irwin v. Department of Veterans Affairs*, 498 U.S. at 96.

[10]*See State v. Pockert*, 53 Wn. App. 491, 498-99, 768 P.2d 504 (1989).

[11]*See State v. Peeler*, 7 Wn. App. 270, 274, 499 P.2d 90 (1972) (defendant is bound by his attorney's consent to separation of the jury); *accord United States v. Alper*, 449 F.2d 1223 (3d Cir. 1971), *cert. denied by Greenberg v. United States*, 405 U.S. 988, 92 S. Ct. 1248, 31 L. Ed. 2d 453 (1972).

[12]*Finkelstein*, 76 Wn. App. at 740; *Douchette*, 117 Wn.2d at 812; *Hosogai v. Kadota*, 145 Ariz. 227, 700 P.2d 1327, 1331 (1985) (citing *Burnett v. New York Cent. R.R.*, 380 U.S. 424, 427-28, 85 S. Ct. 1050, 13 L. Ed. 2d 941 (1965).

underlying policy is "that it is in the best interest of all concerned that criminal matters be tried while they are fresh."[13] Accordingly, the court should consider whether the defendant had timely notice of the claim, whether the delay hindered the gathering of evidence or otherwise prejudiced the defendant, and whether the plaintiff (or, as in this case, the prosecution) acted with diligence and good faith.[14]

Here, the tolling of the statute for seven months did not frustrate the purposes of the limitation period. Duvall had notice at the original sentencing hearing that the court intended to enter a restitution order at a later date. He has made no showing of prejudice by the delay; indeed, at the hearing, he did not object to the substance of the order and acknowledged that he found the amount to be adequately documented. Nothing in the record indicates that the result would have been any different if the court held a hearing at the time of the first order.[15] There is no evidence of bad faith or lack of diligence by the State, and the court acted promptly once Duvall called the defect to its attention. In short, the circumstances were in every way appropriate for equitable tolling.

Duvall contends the common-law doctrine of equitable tolling has not been, and should not be, applied in criminal cases. But he has failed to articulate any policy concerns unique to criminal cases or criminal sentencing to support this distinction. We conclude that the trial court properly invoked its equitable powers to suspend the 60-day period from the date of entry of the first order until the date Duvall appeared in court seeking relief from that order.

---

[13]*State v. Greenwood*, 120 Wn.2d 585, 595, 845 P.2d 971 (1993) (citing *State v. White*, 94 Wn. 2d 498, 501, 617 P.2d 998 (1980)).

[14]*See Hosogai*, 700 P.2d at 1330, 1332 (cited in *Douchette*, 117 Wn.2d at 812).

[15]*State v. Rice*, 110 Wn.2d 577, 616, 757 P.2d 889 (1988) (violation of CrR 3.4 is not prejudicial unless it affected the outcome of the trial), *cert. denied*, 491 U.S. 910, 109 S. Ct. 3200, 105 L. Ed. 2d 707 (1989).

## EXCEPTIONAL SENTENCE

Duvall pleaded guilty[16] to child molestation in the first degree and assault of a child in the third degree, and allowed the court to use the certificate of probable cause as the basis for sentencing. The standard sentence range for the molestation count was 57-75 months, but the court imposed an exceptional sentence of 95 months.

The certificate of probable cause alleged that Duvall had sexually assaulted his two daughters on numerous occasions beginning approximately July of 1992. At that time the family was living in Oregon. The certificate alleged that Duvall sexually assaulted one of his daughters several times during the four-month charging period in 1994 when the family lived in Washington. The trial court found there had been multiple instances of abuse going back a long time, and applied an aggravating factor recognized by the Sentencing Reform Act: "The offense was part of an ongoing pattern of sexual abuse of the same victim under the age of eighteen years manifested by multiple incidents over a prolonged period of time."[17]

█ Because the trial court considered acts of sexual abuse committed in Oregon to find a pattern of such conduct, Duvall argues for reversal of the exceptional sentence on the ground that it punishes him for crimes not committed in Washington. He mischaracterizes the basis of the sentence. The "pattern of abuse" aggravating factor recognizes that the effect of any single act of sexual abuse is more devastating when the victim has been routinely subjected to similar acts. It matters not whether the pattern is established entirely in Washington or partly elsewhere; that the Washington crimes were part of a pattern increases their gruesomeness. The sentence thus properly punishes Duvall only for the crimes the State charged him with committing in this state.

---

[16]Duvall entered an "Alford plea" pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[17]RCW 9.94A.390(2)(f) (1994).

878

Affirmed.

AGID and ELLINGTON, JJ., concur.

Review denied at 134 Wn.2d 1012 (1998).