Schindler, J.
The trial court ruled that Brenda Williams-Moore (Williams-Moore) was qualified to act as the personal representative of the Estate of James Shaw (the Estate) and accept service of process in her personal injury lawsuit against the Estate even though she did not file the court-ordered bond or the oath of personal representative before accepting service. The trial court certified its order involved a controlling question of law. We accepted discretionary review and conclude that when Williams-Moore accepted service, she was not qualified to act as the personal representative because she had not filed the statutory bond and oath of personal representative. We reverse and remand.
*865 FACTS
The facts are undisputed. On January 13, 1999, Williams-Moore was injured when James Shaw’s car collided with the Metro bus she was driving. On November 7, 2001, Williams-Moore and her spouse filed a personal injury lawsuit against Shaw.[1] Shortly thereafter, Williams-Moore learned that Shaw died in May 2000.[2] Although Shaw’s will had been filed in superior court, no probate proceedings had been commenced and the individuals designated to act as personal representative had not sought appointment.[3]
On January 9, 2002, Williams-Moore filed a petition to admit Shaw’s will to probate, appoint her as personal representative of his Estate, and direct issuance of letters testamentary.[4] Williams-Moore did not request nonintervention powers and asked the court to waive the statutory requirement to file a bond. In the verified petition, Williams-Moore stated she was a principal creditor of the Estate and as a creditor, she had to present her claim in the probate proceedings.[5]
At the January 9 hearing on the petition, Williams-Moore also told the superior court commissioner that the statute of limitations was about to expire on her personal injury lawsuit against the Estate. The commissioner granted Williams-Moore’s petition to admit Shaw’s will to probate and appoint her as the personal representative but rejected her request to waive the requirement to file a bond. The commissioner ordered Williams-Moore to file an oath of personal representative and a $20,000 bond and directed issuance of letters testamentary when the oath and bond were filed.
*866 That same day, Williams-Moore and her spouse filed a notice of creditor’s claim against the Estate in the probate proceedings and filed an amended complaint in the personal injury lawsuit to substitute and name the Estate as the defendant.
On January 15, Williams-Moore filed a declaration in her personal injury lawsuit stating that she was appointed and qualified as the personal representative of the Estate and that she accepted service of the amended summons and complaint on behalf of the Estate on January 11.[6] Williams-Moore also filed the oath of personal representative and her attorney filed a notice of appointment of personal representative and pendency of probate.[7] The notice stated that on January 9, Williams-Moore was appointed and qualified as personal representative. Although Williams-Moore obtained a bond of personal representative on January 16, the bond was not filed or approved until March 12.[8]
On June 12, the Estate filed a motion for summary judgment to dismiss Williams-Moore’s personal injury lawsuit on the grounds that the amended complaint failed to state a claim for relief, lack of jurisdiction, that service of process was invalid, and the lawsuit was barred by the statute of limitations. The Estate argued that Williams-Moore had a conflict of interest as the personal representative of the Estate and could not accept service of process in her personal injury lawsuit.
The trial court continued the Estate’s summary judgment motion and referred the case to the commissioner to decide whether Williams-Moore was qualified to act as the personal representative of the Estate and whether her appointment was valid. The Estate then filed a petition in the *867 probate proceedings to remove Williams-Moore as personal representative, declare her appointment void, and appoint a new personal representative. Although Williams-Moore stipulated to the appointment of another personal representative, she argued she did not have a conflict of interest and was properly appointed as personal representative of the Estate.[9] On August 19, the commissioner ruled that Williams-Moore did not have a conflict of interest that prevented her appointment as personal representative of the Estate.
The newly designated personal representative of the Estate then filed a petition to declare Williams-Moore’s acts as personal representative void because she did not file the court-ordered bond and letters testamentary were not issued before she accepted service of process in the personal injury lawsuit.
On September 10, the commissioner ruled that Williams-Moore was not qualified to act on behalf of the Estate when she accepted service on January 11, 2002, because she did not comply with the statutory and court-ordered requirement to file a bond and she had not obtained letters testamentary. The commissioner ruled that all acts of Williams-Moore as personal representative were void.
On reconsideration, the commissioner reversed its September 10 order and decided that because Williams-Moore took steps to attempt to qualify as the personal representative, the court’s approval of the bond on March 12, 2002 should relate back to her initial appointment on January 9, 2002.
The trial court denied the Estate’s motion to revise the commissioner’s decision and denied the Estate’s summary judgment motion to dismiss Williams-Moore’s personal injury lawsuit. The court certified its order involved a con *868 trolling question of law under RAP 2.3(b) and this court granted discretionary review.[10]
ANALYSIS
The dispositive question in this appeal is whether on January 11, 2002, Williams-Moore was qualified to act as the personal representative of Shaw’s estate and accept service of process in her personal injury lawsuit.[11] The Estate contends Williams-Moore was not qualified and did not have authority to act as the personal representative because she had not filed the bond or the oath of personal representative as required by the probate statutes and the court’s order. We agree.
The commissioner’s order admitting Shaw’s will to probate and appointing Williams-Moore as the personal representative expressly rejected her request to serve without a bond. The commissioner required Williams-Moore to file a bond because she was not named in Shaw’s will to serve as personal representative. The order states that “Brenda Williams-Moore shall serve with bond in the amount of $20,000.”[12] The order also directs the clerk to issue letters testamentary “upon her filing the oath and bond as personal representative.”[13]
 Where, as here, the facts are undisputed and the only issues are questions of law, our review is de novo. Wallace Real Estate Inv. Inc. v. Groves, 72 Wn. App. 759, 766, 868 P.2d 149 (1994). Whether Williams-Moore had *869 authority to act as personal representative is defined by statute. See RCW 11.28.010-.340.[14]
RCW 11.28.185 requires the personal representative to file a bond in the amount ordered by the court: “unless waived by the court, the personal representative shall give such bond or other security, in such amount and with such surety or sureties, as the court may direct.”
The probate statute also requires the personal representative to file an oath. RCW 11.28.170 provides:
Before letters testamentary or of administration are issued, each personal representative . .. must take and subscribe an oath,... which oath must be filed in the cause and recorded.
While this court has not addressed whether the probate statute requirement to file a bond is a condition precedent to qualifying to act as a personal representative, we have addressed this question under the similar statutory scheme for appointment of guardians. Like the probate statute, the guardianship statute, RCW 11.88.100, requires:
each guardian or limited guardian shall take and subscribe an oath and, unless dispensed with by order of the court as provided in RCW 11.88.105, file a bond. . . .
This court in Estate of Treadwell ex rel. Neil v. Wright, 115 Wn. App. 238, 61 P.3d 1214 (2003), and In re Guardianship of Karan, 110 Wn. App. 76, 38 P.3d 396 (2002), concluded that compliance with the bond requirement in the guardianship statute is a condition precedent for a guardian to have authority to act. As we said in Treadwell, “[bjefore a guardianship is effective, and before guardianship letters are issued, adequate bond must be in place.” Treadwell, 115 Wn. App. at 248. In both guardianship and probate cases, the purpose of the statutory requirement to file a bond is the same: to protect the interests of the incompetent or the *870 estate.[15] Williams-Moore presents no persuasive argument why the reasoning of Treadwell and Karan is not equally applicable here and there is no meaningful distinction between the fiduciary duty owed by a personal representative and a guardian. We conclude Williams-Moore’s appointment was not effective until she complied with the statutory and court-ordered requirements to file an oath and bond.[16]
Williams-Moore argues RCW 11.40.010 authorized her to accept service of process when the court appointed her as personal representative. RCW 11.40.010 provides in part, “[a] person having a claim against the decedent may not maintain an action on the claim unless a personal representative has been appointed and the claimant has presented the claim as set forth in this chapter.” This statutory provision limits the circumstances for presenting a claim against an estate; it does not address the requirements that must be met before a personal representative is qualified to act on behalf of an estate.
The trial court relied on Williams-Moore’s argument that under the provisions of CR 15(c) or CR 17(a) and the doctrine of equitable tolling, her delay in filing an oath and bond should be excused. See CR 15(c) (allows relation back for pleading amendments in certain circumstances); CR 17(a) (allows relation back if a real party in interest ratifies, joins, or is substituted in an action); State v. Duvall, 86 Wn. App. 871, 874, 940 P.2d 671 (1997) (the doctrine of equitable tolling permits a court to allow an action to proceed when justice requires it even though the time period specified by the applicable statute of limitations has elapsed). Williams-Moore provides no authority to support application of CR 15(c) or 17(a) and the doctrine of equitable tolling to her failure to comply with the statutory and court-imposed requirements necessary to qualify as the personal represen *871 tative when she accepted service of the amended complaint in the personal injury lawsuit.[17] We reject Williams-Moore’s argument that CR 15(c) or 17(a) or the doctrine of equitable tolling should apply to excuse not complying with the probate statute’s requirements that must be met as a condition precedent to qualifying as the personal representative of an estate.[18]
There is no dispute that Williams-Moore’s oath of personal representative was not filed until January 15, four days after she accepted service on behalf of the Estate in her separate personal injury lawsuit. Williams-Moore did not file the court-ordered bond until March 12, two months after she accepted service on behalf of the Estate in her separate personal injury lawsuit. Under the statutory requirements of RCW 11.28.185 and RCW 11.28.170 and the court’s order, Williams-Moore was not qualified to act as personal representative of Shaw’s Estate and accept service of process on January 11.
We reverse the trial court’s decision that Williams-Moore was authorized to act as personal representative when she accepted service on behalf of the Estate and remand for further proceedings consistent with this opinion.[19]
Grosse and Agid, JJ., concur.

 King County Superior Court Cause No. 01-2-29088-6 KNT.

 Shaw’s death was not related to the accident.

 Shaw’s will named Richard Willers as the sole beneficiary of his estate and the executor of his will. His attorney, Preston Johnson, was identified as the alternate executor.

 King County Superior Court Cause No. 00-4-02227-9 KNT.

 See RCW 11.40.140. 11.96.070.

 Although the declaration of acceptance of service identified the documents served as the summons and complaint, a subsequent declaration of Williams-Moore’s attorney states that the amended summons and complaint were served.

 The notice of appointment of personal representative and pendency of probate was sent to Willers and Johnson.

 Williams-Moore never requested letters testamentary and letters testamentary were never issued.

 On August 7, Williams-Moore resigned and Florence Deleranko was appointed as the personal representative.

 The probate proceeding (No. 00-4-02227-9 KNT) and Williams-Moore’s personal injury lawsuit (No. 01-2-29088-6 KNT) were consolidated for purposes of this appeal.

 Williams-Moore’s tort action against Shaw and Shaw’s Estate is subject to a three year statute of limitations. RCW 4.16.080(2), IfWilliams-Moore’s acceptance of service on January 11 was valid, the personal injury lawsuit is timely under the three year statute of limitations. If the acceptance of service was invalid, the Estate argues the personal injury lawsuit is barred by the statute of limitations.

 Clerk’s Papers (CP) at 280.

 CP at 281.

 Statutory interpretation is a question of law that this court reviews de novo. Berger v. Sonneland, 144 Wn.2d 91, 104-05, 26 P.3d 257 (2001).

 The definitions of “personal representative” and “guardian” are virtually identical under Washington’s probate code. See RCW 11.02.005(1), (10).

 Because we conclude the required oath and bond were not timely filed, we do not need to address the Estate’s conflict of interest argument.

 Williams-Moore cites Schwartz v. Douglas, 98 Wn. App. 836, 991 P.2d 665 (2000) and Beal v. City of Seattle, 134 Wn.2d 769, 954 P.2d 237 (1998), in support of her argument that her delayed filing of the bond should relate back. While both Schwartz and Beal support the proposition that a complaint may be amended to name the personal representative of an estate and may relate back to the filing of the complaint, neither case addresses whether delayed performance of the statutory requirements to qualify as a personal representative relate back.

 Williams-Moore also relies on the provisions of RCW 11.40.060 to argue that an insurance company should not benefit from her delay in posting a bond because insurers are not afforded the same protection in probate as beneficiaries and heirs. RCW 11.40.060 provides that an insurer cannot benefit from the shorter time limits imposed for claims filed against an estate and that claims against a decedent’s insurer are subject only to the applicable statute of limitations. See also Wagg v. Dunham, 107 Wn. App. 35, 26 P.3d 287 (2001) (claims against liability insurers are treated differently than claims against an estate). RCW 11.40.060 does not mean Wiliams-Moore did not have to comply with the statutory requirements to qualify to act as personal representative.

 We therefore do not need to address the Estate’s conflict of interest argument.