# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| CHARLES WOLFE, | No.  50894-0-II |
| Appellant/Cross-Respondent, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, | UNPUBLISHED OPINION |
| Respondent/Cross-Appellant. | |

TRICKEY, J.P.T.[*]  —  Charles Wolfe requested records from the Washington State Department of Transportation (WSDOT) pursuant to the Public Records Act (PRA), ch. 42.56 RCW.  He sued the WSDOT, alleging that it violated the PRA in its responses to his requests.  The superior court held a show cause hearing.  The superior court ruled that the WSDOT failed to produce a few records.

Wolfe appeals.  He argues that (1) the WSDOT failed to provide entire boxes of records in response to his May 2008 PRA request, (2) the superior court erred in ruling that Wolfe's PRA claims (except for three records) were barred by the statute of limitations, (3) the superior court erred in denying attorney fees for Allen Miller, and (4) the superior court erred in denying

---

[*] Judge Michael Trickey is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

sanctions against the WSDOT. Wolfe also argues that he is entitled to additional attorney fees on appeal under RCW 42.56.550(4).

The WSDOT cross appeals. The WSDOT maintains that (1) all of Wolfe's claims are barred by the statute of limitations, (2) the WSDOT conducted an adequate search for the records, (3) the superior court erred in awarding Wolfe attorney fees because they were not reasonable, and (4) the superior court erred in assessing penalties of $20 per day. Because we hold that the statute of limitations bars all of Wolfe's claims, we reverse and vacate the trial court's granting of penalties and fees without considering the other issues.

FACTS

Wolfe owns riverfront property downstream from the SR4/Naselle River Bridge in Pacific County. Wolfe became concerned that bridge construction and the angle of the bridge piers changed the flow of the river causing erosion on his property.

I. MAY 2008 PUBLIC RECORDS ACT REQUEST—PDR-08-0455

In May 2008, Wolfe submitted his first PRA request to the WSDOT. He asked for permits and certifications that the WSDOT received for the bridge in 1986. The WSDOT designated this PRA request as number PDR-08-0455.

The WSDOT assigned Kelso Project Engineer Denys Tak, Southwest Region Assistant Regional Administrator for Engineering Bart Gernhart, and Public Records Coordinator Michelle Ewaniec to locate the records for this request. The WSDOT sent Wolfe three record installments (May 15, June 2, June 30). The WSDOT closed the request on June 30.

On July 9, Wolfe expanded his request by identifying categories of records he wanted. Tak gathered more records and put them in the WSDOT Kelso office for Wolfe to inspect.

On July 13, before inspecting the records, Wolfe expanded his request again. He specifically sought

> all WSDOT files related to the bridge that have NOT been sent to the archieves [sic] . . .
> Specifically, are there any bridge related files in your Raymond, Kelso, Vancouver, or Olympia offices? I am particularly interested in any files at the Olympia Hydrogeology and the Olympia Hydraulics Section offices.
> *Likewise, I am interested in any files the [sic] relate to any work that WSDOT has done on the bridge or within 500 feet, both upstream and downstream, of the bridge since 1986.*

Clerk's Papers (CP) at 224, 1764 (emphasis added).

On July 17 and August 12, Wolfe reviewed the WSDOT records at the Kelso office. The WSDOT then closed PDR-08-0445 on August 13.

## II. SEPTEMBER 2008 PUBLIC RECORDS ACT REQUEST—PDR-08-0856

On September 19, Wolfe wrote a letter to the WSDOT alleging that the "WSDOT has NOT fully complied with my request to research the cause(s) of the erosion activity affecting our property." CP at 1858. In the letter, Wolfe requested additional documents. Wolfe also stated, "Any civil action I take will be from the standpoint of a citizen whose property is the source of that sedimentation pollution." CP at 1861. The WSDOT acknowledged that this letter contained specific requests for additional records and treated this as a new PRA request on September 25. The WSDOT assigned this request number PDR-08-0856.

## III. JUNE 2010 PACIFIC COUNTY LAWSUIT

In June 2010, Wolfe sued the WSDOT in Pacific County. Wolfe brought claims alleging that the WSDOT damaged his property as well as claims that the WSDOT violated the PRA. The WSDOT moved to dismiss Wolfe's tort claims because the agency alleged that the claims were time barred under both the 10-year prescriptive period and the 2-year statute of limitations.

3

On August 19, the Pacific County Superior Court held a summary judgment hearing. The superior court dismissed Wolfe's tort claims. It also dismissed the PRA claims without prejudice on jurisdictional grounds based on the WSDOT's argument that the records were not located in Pacific County.

Wolfe appealed the superior court's summary judgment dismissal of his tort claims to this court. In October 2012, at oral argument, we asked the WSDOT's attorney if work had been done on the bridge since 1986, and she responded no. We affirmed the dismissal of Wolfe's tort claims.

IV. 2011 PUBLIC RECORDS ACT REQUEST—PDR-11-1498

In 2011, Wolfe made another PRA request (PDR 11-1498) for documents. He made this request based on evidence discovered by an expert that the WSDOT had placed rip rap[1] around the bridge. When responding to this request, the WSDOT found three records responsive to Wolfe's May 2008 PRA request. These three records were related to a 1998 "rip-rap" project. The WSDOT then produced these records to Wolfe.

V. PROCEDURAL HISTORY

In May 2012, Wolfe filed this current PRA case in Thurston County. He alleged that the WSDOT violated the PRA by withholding boxes of records in 2008. Wolfe filed an amended complaint that included additional PRA violation claims.

The WSDOT moved to dismiss Wolfe's claims based on the statute of limitations. The WSDOT also moved the superior court to stay Wolfe's discovery requests until the superior court

---

[1] "Rip rap" is "a foundation or sustaining wall of stones thrown together without order (as in deep water, on a soft bottom, or on an embankment slope to prevent erosion)." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1960 (2002).

considered the WSDOT's motion to dismiss.  The superior court denied the WSDOT's motion to stay.

In February 2013, Wolfe moved for partial summary judgment.  The superior court held a hearing on March 8 and denied both the WSDOT's motion to dismiss and Wolfe's motion for partial summary judgment.

On February 20, 2015, the superior court issued an order to show cause.  The superior court held a show cause hearing on May 1.  At the hearing, Wolfe argued that the WSDOT withheld whole boxes of responsive records, specifically 58 records.[2]  Wolfe argued that the statute of limitations did not bar these claims.

The WSDOT's show cause hearing brief admitted that it failed to produce three records (the 1998 "rip rap" records) until Wolfe's 2011 PRA request.  However, the WSDOT argued that it made a reasonable search for those records.  The WSDOT also argued that Wolfe's claims should be dismissed because of the statute of limitations.

The parties presented conflicting evidence as to whether the WSDOT provided whole boxes of records for Wolfe to review in 2008.  The WSDOT primarily relied on Tak's declaration and the WSDOT's Southwest Region Design Services Engineer David Bellinger's declaration.  Wolfe relied on a WSDOT spreadsheet.  Wolfe also relied on an October 30 to 31, 2008 e-mail thread.

---

[2] Wolfe filed an amended list of withheld records on March 12, 2015 that includes a list of 58 items that he claims the WSDOT withheld.

A. SUPERIOR COURT'S RULING

The superior court ruled that the WSDOT did not timely produce the three 1998 records in response to Wolfe's May 2008 PRA request. The superior court rejected the WSDOT's argument that the statute of limitations barred Wolfe's claims with respect to the three records. It found that the WSDOT produced the records 1,305 days late. The superior court held that the statute of limitations barred the remaining claims. The superior court further ruled that the remaining records "were present at the time that the review took place by Mr. Wolfe in a number of boxes." CP at 3270. The superior court's oral rulings were later adopted into a written order. The superior court ordered a hearing on the attorney fees and penalties for the three PRA record violations.

B. ATTORNEY FEES AND PENALTIES

On July 14, 2017, the superior court awarded attorney fees and costs to Wolfe. The superior court awarded Wolfe $102,892.08 in attorney fees and costs. The superior court also awarded statutory penalties of $20 per record (three responsive 1998 records) for 1,305 days for a total penalty of $78,300.

The superior court granted Wolfe attorney fees for Allied Law Group and Greg Overstreet but not for Miller. Miller was Wolfe's attorney for the Pacific County case. The superior court reasoned that for Miller "there is absolutely no way to differentiate what that billing consists of based upon the attachment that was included." CP at 3286.

Wolfe also asked the superior court to impose sanctions against the WSDOT "for lack of candor towards both the Pacific County trial and Division II appeals courts (RPC 3.3)" when misrepresenting that no work had been done on the bridge since 1985 and 1986. CP at 2731. The

6

trial court denied Wolfe's request for sanctions and did not award Wolfe any just compensation or property damage repair or restoration costs.

Both parties appealed.

ANALYSIS

I. STATUTE OF LIMITATIONS

Wolfe argues that the superior court erred in ruling that the statute of limitations under RCW 42.56.550(6) barred Wolfe's claims (except for the three 1998 "rip rap records"). He also asserts that we should apply the doctrine of equitable tolling. The WSDOT maintains that the superior court correctly ruled that the statute of limitations barred these claims.

Furthermore, the WSDOT argues in its cross appeal that the three 1998 "rip rap" records are subject to the statute of limitations so that all of Wolfe's claims are barred. We agree with the WSDOT that all of Wolfe's claims are time barred.

A. PRINCIPLES OF LAW

The PRA establishes a one-year statute of limitations. "Actions under this section must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis." RCW 42.56.550(6). The PRA also specifies that "[j]udicial review of all agency actions taken or challenged under RCW 42.56.030 through 42.56.520 shall be de novo." RCW 42.56.550(3).

The statute of limitations begins to run "on an agency's final, definitive response to a public records request." *Belenski v. Jefferson County*, 186 Wn.2d 452, 460, 378 P.3d 176 (2016). However, it may be subject to equitable tolling. *Belenski*, 186 Wn.2d at 462. The doctrine of equitable tolling allows a court to toll the statute of limitations when justice requires. *Millay v.*

*Cam*, 135 Wn.2d 193, 206, 955 P.2d 791 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Millay*, 135 Wn.2d at 206. The party who asserts equitable tolling bears the burden of proof. *Nickum v. City of Bainbridge Island*, 153 Wn. App. 366, 379, 223 P.3d 1172 (2009). The doctrine of equitable tolling is to be used only sparingly. *State v. Duvall*, 86 Wn. App. 871, 875, 940 P.2d 671 (1997).

"Under the discovery rule, a cause of action accrues when the plaintiff knew or should have known the essential elements of the cause of action." *Allen v. State*, 118 Wn.2d 753, 757-58, 826 P.2d 200 (1992) (footnote omitted). A discovery rule is generally applied where "the statute does not specify a time at which the cause of action accrues." *Douchette v. Bethel Sch. Dist. No. 403*, 117 Wn.2d 805, 813, 818 P.2d 1362 (1991). However, the PRA specifies a time at which its causes of action accrue as defined by *Belenski* as the time of the agency's final, definitive response. 186 Wn.2d at 460. It appears that no Washington courts have applied the discovery rule in the context of the PRA.

B.  ALL OF WOLFE'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

The superior court ruled that the statute of limitations did not bar Wolfe's claims regarding the three 1998 "rip rap" records. The WSDOT located these three records during a search for responsive records relating to a PRA request that Wolfe made in 2011. The superior court reasoned, "I think it has to do with the last production and when the State closed the request and there were three requests. . . . And each [of] those were ultimately closed with, obviously, the reopening in 2011 as to the documents 1, 2, 3." CP at 3276.

It is unclear from the superior court's ruling what its basis was for applying the statute of limitations to the other records but not applying the statute of limitations to the three 1998 "rip rap" records. The WSDOT argues that the superior court was applying the discovery rule to these three records and that the discovery rule does not apply to this case. The WSDOT gave its final definitive response to Wolfe's May 2008 request in August 2008, and therefore Wolfe knew at that time that the WSDOT was not going to provide any more records. Wolfe appears to concede that the discovery rule does not apply here.[3] We accept Wolfe's concession that the discovery rule does not apply.

Both parties appear to agree that the statute of limitations bars Wolfe's claims unless equitable tolling applies.

Wolfe argues that equitable tolling applies to all of Wolfe's claims, not just the three records, because both the elements of equitable tolling are met: (1) bad faith, deception, or false assurances by the defendant and (2) the exercise of diligence by the plaintiff. *Millay*, 135 Wn.2d at 206. The WSDOT argues that all of Wolfe's claims are barred by the statute of limitations, including the three 1998 "rip rap" records and that equitable tolling does not apply here.

### C. BAD FAITH, DECEPTION, OR FALSE ASSURANCES

First, Wolfe contends that the first element of equitable tolling is met because the WSDOT acted in bad faith, deception, or made false assurances. Relying on *Belenski*, Wolfe argues that the WSDOT had an incentive to withhold the records because of the Pacific County lawsuit, and the WSDOT relied on its failure to produce these records to argue that Wolfe's claims were barred

---

[3] Wolfe argued below that the one-year statute of limitations began when the WSDOT provided the three rip rap documents in 2011 and the case was filed in 2012. However, Wolfe appears to have abandoned that position on appeal.

by the 10-year statute of limitations in the Pacific County case. Wolfe further argues that there is evidence of bad faith, deception, or false assurances based on the fact that the WSDOT never corrected the factual record in the Pacific County case to admit that work had been done on the bridge since 1986.

The WSDOT argues that Wolfe failed to show that the WSDOT acted in bad faith, in a deceptive manner, or gave false assurances. Specifically, the WSDOT argues that Wolfe makes assertions without evidence that the WSDOT silently withheld records to defeat Wolfe's Pacific County claims. And with respect to the three 1998 "rip rap" records, the record does not show that the WSDOT knew about them in 2008 when the WSDOT produced all records they knew to exist. Additionally, the WSDOT notes that the WSDOT did not have an "incentive" in 2008 to withhold documents because Wolfe's Pacific County suit was not filed until 2010. *Wolfe v. Dep't of Transp.*, 173 Wn. App. 302, 304, 293 P.3d 1244 (2013). The WSDOT also relies on the superior court's statements (later adopted into findings) that this was an "honest attempt to try to comply with the Public Records Act." CP at 3273.

In *Belenski*, the appellant requested public records from the county regarding Internet access logs (IAL). 186 Wn.2d at 455. The county responded that it had no responsive records. *Belenski*, 186 Wn.2d at 455. Later, Belenski discovered e-mails between county employees admitting that IALs existed but suggesting that the county did not need to provide them because they were not "natively viewable." *Belenski*, 186 Wn.2d at 455. Our Supreme Court remanded to the trial court to determine whether equitable tolling applied. *Belenski*, 186 Wn.2d at 462. The court in *Belenski* said,

> Belenski and amici raise legitimate concerns that allowing the statute of limitations to run based on an agency's dishonest response could incentivize agencies to

intentionally withhold information and then avoid liability due to the expiration of the statute of limitations. On one hand, we recognize that such an incentive could be contrary to the broad disclosure mandates of the PRA and may be fundamentally unfair in certain circumstances; on the other hand, certain facts in this specific case indicate that Belenski knew the County possessed IAL data, yet he inexplicably waited over two years before filing his claim.

186 Wn.2d at 461-62.

*Belenksi* is distinguishable from this case. Although *Belenksi* emphasizes how allowing the statute of limitations to run could incentivize agencies to withhold information, here, unlike in *Belenski*, this is not a silent withholding case. Wolfe has not shown that the WSDOT had an incentive to "intentionally withhold information," knew these records existed in 2008, or that the WSDOT acted in bad faith or in a deceptive manner.

In his reply, Wolfe argues that the WSDOT has failed to explain how it would be equitable to permit the WSDOT to assert the statute of limitations. However, the party who asserts equitable tolling bears the burden of proof. *Nickum*, 153 Wn. App. at 379. Here, Wolfe contends that the WSDOT might have had an incentive to withhold records, but fails to show any acts of bad faith, deception, or false assurances. The WSDOT did not have an "incentive" in 2008 to withhold documents because Wolfe's Pacific County suit was not filed until 2010. *Wolfe*, 173 Wn. App. at 304. Wolfe has not shown that the WSDOT's failure to correct its assertion made in oral argument before this court in a separate lawsuit that it had not worked on the bridge since 1986 rises to the level of bad faith, deception, or false assurances.

Even if Wolfe used the 1998 "rip rap" records in the Pacific County case, he still would have lost that case. The 10-year statute of limitations was not at issue, but we noted in the Pacific

County case that "[t]he Wolfes do not directly contest application of this two-year statute of limitations to their negligence claim" and held that the 2-year statute of limitations barred this claim. *Wolfe*, 173 Wn. App. at 306. Additionally, we held that Wolfe's inverse condemnation claim failed because of the subsequent purchaser rule. *Wolfe*, 173 Wn. App. at 309. We further stated that the Wolfes did not show that that government action contributed to the erosion of the riverbank since they purchased the properties in *2003* and *2004*. *Wolfe*, 173 Wn. App. at 309 (emphasis added).

Therefore, we hold that Wolfe has not met his burden of proof that the doctrine of equitable tolling applies to these claims. Because Wolfe has not shown bad faith, deception, or false assurances by the WSDOT, we do not address whether Wolfe exercised diligence.

We hold that equitable tolling does not apply, and therefore the statute of limitations bars Wolfe's claims. Accordingly, we reverse the superior court and hold that all of Wolfe's claims, including the three claims regarding the 1998 "rip rap" records, are time barred. Because the claims are time barred, we do not reach the other issues raised by Wolfe and the WSDOT.

## II. ATTORNEY FEES

RAP 18.1(a) allows us to grant attorney fees if authorized by statute. RCW 42.56.550(4) allows the prevailing party to be awarded costs and attorney fees.

Wolfe argues that if he prevails, then he is entitled to attorney fees. Because the statute of limitations bars Wolfe's claims, he is not the prevailing party. Accordingly, he is not entitled to attorney fees.

No. 50894-0-II

CONCLUSION

In conclusion, we hold that all of Wolfe's claims are barred by the statute of limitations and Wolfe is not entitled to costs and attorney fees. We reverse and vacate the trial court's granting of penalties and fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Trickey, J.P.T.

_____
TRICKEY, J.P.T.

We concur:

_____, A.C.J._____
LEE, A.C.J.

_____, J._____
SUTTON, J.

13