FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JULY 11, 2024

_González, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JULY 11, 2024

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| DANIEL CAMPEAU, individually and on behalf of all persons similarly situated, | No. 102047-3 |
| Petitioner, | En Banc |
| v. | |
| YAKIMA HMA, LLC, | Filed: July 11, 2024 |
| Respondent. | |

GONZÁLEZ, C.J.—General jurisdiction courts have the power, in limited circumstances, to equitably toll a statute of limitations established by the legislature. When the statute of limitations is tolled, a case that would otherwise be untimely may proceed. *In re Pers. Restraint of Fowler*, 197 Wn.2d 46, 53, 479 P.3d 1164 (2021). Given our due regard for the legislature, equitable tolling must be applied sparingly but is available when justice demands it. *Millay v. Cam*, 135 Wn.2d 193, 206, 955 P.2d 791 (1998).

In a suit that was timely filed by a nurses' union, a trial court found that Yakima HMA LLC wrongfully withheld wages from its nurses. Years later, and

after the statute of limitations had passed, this court dismissed the union's attempt to recoup those wages, finding the union lacked associational standing. Before the mandate on our opinion issued, some of those nurses filed this class action suit in an attempt to recover wages due. This case asks us to determine whether equitable tolling applies to allow this otherwise untimely class action to proceed. We conclude that equitable tolling may be available, even in the absence of bad faith or misconduct by the defendant, when a case based on associational standing fails, an association member promptly files a follow-on class action, and the remaining elements of equitable tolling have been met. We agree with the trial court that equitable tolling is appropriate here. Accordingly, we reverse the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.

## FACTS

A trial court found that over five years, Yakima HMA LLC failed to pay nearly $1.5 million in nurses' wages. In 2015, the Washington State Nurses Association (WSNA)[1] brought a claim against Yakima HMA for unpaid wages on behalf of 28 home health and hospice nurses. *Wash. State Nurses Ass'n v. Yakima HMA, LLC*, 196 Wn.2d 409, 412, 469 P.3d 300 (2020) (*WSNA*). Several nurses, including the lead plaintiff here, Daniel Campeau, actively participated in the

---

[1] WSNA is a labor union and is the bargaining representative for the nurses employed by Yakima HMA.

WSNA case. The trial court concluded that WSNA had associational standing to bring the case and that Yakima HMA knowingly and willfully deprived the nurses of their wages. *Id.* at 414.

Years later, and after the statute of limitations would have passed, we reversed the trial court on the threshold issue of standing. This court concluded that WSNA did not have associational standing to recover unpaid wages on behalf of its nurses because the "damages established through representative testimony were not certain, easily ascertainable, or within the knowledge of the defendant." *Id.* at 411. In deciding that case we noted that "[o]ther routes to collective action against the egregious conduct of [Yakima HMA] were not foreclosed for the nurses." *Id.* at 425. We clarified that "[e]gregious employment practices, like the practices that the nurses testified about . . . , should be confronted." *Id.* We also observed that "it [was] undisputed that the nurses could pursue a class action claim against Yakima [HMA]." *Id.*

Before the WSNA case mandated, Campeau filed this class action alleging materially identical wage and hour violation claims. Campeau is a union member, a nurse, and a former employee of Yakima HMA. Campeau brought this action "to vindicate the rights of the nurses who prevailed at trial in the WSNA [c]ase, but who have still not been paid the wages they are due." Clerk's Papers (CP) at 2.

Yakima HMA moved for judgment on the pleadings arguing that the statute of limitations barred Campeau's claims. Campeau acknowledged that nothing prevented the nurses from filing their own claims and did not dispute that his claim exceeded the three-year time bar. Campeau argued that the statute of limitations should be equitably tolled. The trial court agreed, reasoning, in part, that Campeau (1) "diligently pursued his cla[i]ms through the WSNA action" and (2) "reasonably relied on the union's action to protect his statutory rights." *Id.* at 111. Yakima HMA successfully sought discretionary review at the Court of Appeals.

While review was pending, this court issued its opinion in *Fowler v. Guerin*, 200 Wn.2d 110, 515 P.3d 502 (2022). In *Fowler*, we set out the general standards for equitable tolling in civil cases under Washington law. *Id.* at 112, 125. *Fowler* requires, in part, a showing that "the defendant's bad faith, false assurances, or deception interfered with the plaintiff's timely filing." *Id.* at 125. Campeau conceded that he could not satisfy *Fowler* and asked the Court of Appeals to apply *American Pipe*[2] tolling. Answer to Yakima HMA's Opening Br. at 5-6 (Wash. Ct. App. No. 38152-8-III (2022)). The Court of Appeals reversed the trial court, concluding that *American Pipe* tolling is not available in Washington. *Campeau v. Yakima HMA, LLC*, 26 Wn. App. 2d 481, 484, 528 P.3d 855 (2023). The Court of

---

[2] *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974).

Appeals also held that even if *American Pipe* tolling was available, the doctrine would not apply to Campeau's case. *Id.* at 484, 490.

We granted review.

ANALYSIS

We must decide whether the statute of limitations may be equitably tolled, even in the absence of a defendant's bad faith, where associational standing has failed and a member promptly brings a follow-on class action on the same grounds. Our review is de novo. *See Niemann v. Vaughn Cmty. Church*, 154 Wn.2d 365, 374-75, 113 P.3d 463 (2005) (availability of equitable relief is a question of law).

1.      *Availability of* American Pipe *Tolling in Washington State*

Campeau argues the statute of limitations should be tolled under *American Pipe*. Yakima HMA responds that even if *American Pipe* tolling is available in Washington, it does not apply because this case did not originate as a class action and because Campeau was never a class member. We agree with Yakima HMA that the question of whether *American Pipe* tolling is available in Washington does not arise under these facts.

In *American Pipe*, the United States Supreme Court addressed the relationship between statutes of limitations and class actions under Federal Rule of Civil Procedure 23. 414 U.S. at 540. In that case, the state of Utah filed a timely class action alleging violations of antitrust law by steel and concrete companies.

*Id.* at 540-41.  The district court denied class certification because the class was too small.  *Id.* at 543.  Subsequently, members of the original class filed motions to intervene.  *Id.* at 544.  The district court denied the motions because the statute of limitations had run.  *Id.*  The Supreme Court reversed.

The Supreme Court held that "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status."  *Id.* at 553.  The Court reasoned that a "contrary rule allowing participation only by those potential members . . . who had earlier filed motions to intervene . . . would deprive Rule 23 class actions of the efficiency and economy of litigation which is a principal purpose of the procedure."  *Id.*  In the absence of tolling, "[p]otential class members would be induced to file protective motions to intervene or to join in the event that a class was later found unsuitable."  *Id.*  This would result in "needless duplication of motions."  *Id.* at 554.

*American Pipe* is not applicable here.  This case does not involve a failed class action and a follow-on motion to intervene.  This case involves a failed representational action brought on a theory of associational standing and a follow-on class action.  *American Pipe* does not apply to these facts.  Accordingly, we decline to determine whether *American Pipe* tolling is available in Washington and will await a case that more squarely confronts that question.

2.     *Equitable Tolling*

The parties agree, as do we, that under *Fowler*, equitable tolling would not apply because there has been no showing of bad faith or misconduct by Yakima HMA.  We conclude, nonetheless, that under these facts and the long-standing principles underlying equitable tolling, equitable tolling is appropriate in this case.

Statutes of limitations are a "'legislative declaration of public policy which the courts can do no less than respect,' with rare equitable exceptions." *Bilanko v. Barclay Ct. Owners Ass'n*, 185 Wn.2d 443, 451-52, 375 P.3d 591 (2016) (internal quotation marks omitted) (quoting *Cost Mgmt. Servs., Inc. v. City of Lakewood*, 178 Wn.2d 635, 651, 310 P.3d 804 (2013)).  Equitable doctrines are fashioned by the courts and are intended to relieve individuals "under special circumstances from the harshness of strict legal rules." *Ames v. Dep't of Lab. & Indus.*, 176 Wash. 509, 513, 30 P.2d 239 (1934).  Equitable tolling permits "a court to allow an action to proceed when justice requires it, even though a statutory time period has" passed.  *State v. Duvall*, 86 Wn. App. 871, 874, 940 P.2d 671 (1997).  Equitable tolling is an extraordinary form of relief and must be carefully applied to avoid "'subtitut[ing] for a positive rule established by the legislature a variable rule of decision based upon individual ideas of justice.'" *Fowler*, 200 Wn.2d at 119 (quoting *Leschner v. Dep't of Lab. & Indus.*, 27 Wn.2d 911, 926, 185 P.2d 113 (1947)).

Equitable tolling is appropriate when it is "consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations." *Millay*, 135 Wn.2d at 206 (citing *Douchette v. Bethel Sch. Dist. No. 403*, 117 Wn.2d 805, 812, 818 P.2d 1362 (1991)). Campeau brought this class action, in part, under, our state's Minimum Wage Act, ch. 49.46 RCW, and industrial welfare act, ch. 49.12 RCW. CP at 1. A purpose underlying these acts is to ensure employees are paid the adequate wages they labored for. *See* RCW 49.46.005; RCW 49.12.010; *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 157, 961 P.2d 371 (1998). The purpose underlying statutes of limitations is to protect against (1) litigating stale claims, (2) loss of evidence, and (3) fading memories. *Douchette*, 117 Wn.2d at 813.

This court's recent opinion in *Fowler*, set out the general standards for equitable tolling in civil cases under Washington law. 200 Wn.2d at 125. Affirming *Millay*, we held that

> [a] plaintiff seeking equitable tolling of the statute of limitations in a civil suit must demonstrate that such extraordinary relief is warranted because (1) the plaintiff has exercised diligence, (2) the defendant's bad faith, false assurances, or deception interfered with the plaintiff's timely filing, (3) tolling is consistent with (a) the purpose of the underlying statute and (b) the purpose of the statute of limitations, and (4) justice requires tolling the statute of limitations.

*Id.* We explained that "Washington courts must evaluate each part of this standard in light of the particular facts of each case and should equitably toll the applicable

statute of limitations only when all four parts of the *Millay* standard are satisfied." *Id.* at 124-25.

But *Fowler* is necessarily limited to the issues before it. *Fowler* did not consider cases like *American Pipe* or the applicability of equitable tolling where associational standing fails and an association's member files a follow-on class action. We do so now.

We conclude that applying equitable tolling is consistent with the legislative purposes behind our state's labor laws and the statute of limitations in this case. First, there is no risk of surprise. Campeau raises nearly the same claims that Yakima HMA litigated for several years in the *WSNA* case. Through that case Yakima HMA received notice of Campeau's claims and had an opportunity to preserve evidence. Next, Campeau did not sleep on his claims or engage in wrongful conduct. He actively participated in the *WSNA* case and reasonably relied on his union to recover his wages. Prior to our holding in that case, WSNA not only recovered the nurses' wages but secured double damages, attorney fees, and court costs for its members. *WSNA*, 196 Wn.2d at 414.

Furthermore, applying equitable tolling here advances the goals of adjudicative efficiency and justice. Failing to extend equitable tolling in these circumstances undermines the value of associational standing and disincentivizes members from relying on their unions and employee associations. Without

equitable tolling, members would be forced to file individually to preserve their claims in the event a court later found the association lacked standing. These individual filings would burden our courts with a multiplicity of litigation and would cut against the benefits of associational standing. In pursuing their individual claims, members would face higher litigation costs. Where the financial costs and the potential for retaliation are too high, some members may choose to abandon their claims entirely. Tolling helps avoid these consequences.

In the absence of equitable tolling, these nurses would be unable to recover the wages to which they are entitled and Yakima HMA would receive an unjustified windfall in stolen wages. In the *WSNA* case, this court recognized that "[e]gregious employment practices" need to be confronted. *Id.* at 425. We specifically identified a class action as being an appropriate vehicle for relief. *Id.* Given these circumstances, we find the applicable elements of equitable tolling have been met and the trial court properly allowed Campeau to file a follow-on class action.

CONCLUSION

We conclude that equitable tolling may be appropriate, even in the absence of bad faith, where associational standing fails, an association's member files a follow-on class action, and all of the other elements of equitable tolling have been met. Equitable tolling under these circumstances is consistent with the purposes

underlying statutes of limitations and furthers justice by providing these nurses a means to recover their wages while preventing a windfall to Yakima HMA in the form of wrongfully withheld wages.

Accordingly, we reverse the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.

González, C.J.

WE CONCUR:

Johnson, J.

Yu, J.

Montoya-Lewis, J.

Whitener, J.

Gordon McCloud, J.

Rumbaugh, J.P.T.

*Campeau v. Yakima HMA, LLC*

No. 102047-3

MADSEN, J. (dissenting)—Less than two years ago, this court established that equitable tolling in Washington requires a showing of "bad faith, false assurances, or deception," which interfered with a plaintiff's timely filing. *Fowler v. Guerin*, 200 Wn.2d 110, 125, 515 P.3d 502 (2022). That showing has not been made here. Instead of following this recent precedent, the majority redefines and grants equitable tolling seemingly based on its "'individual ideas of justice.'" *Id.* at 119 (quoting *Leschner v. Dep't of Labor & Indus.*, 27 Wn.2d 911, 926, 185 P.2d 113 (1947)). But creating a rule that depends on the decision-maker's idea of justice is the very thing we are cautioned against when determining whether to grant equitable tolling. *Id.*

Here, the nurses' union made a strategic litigation choice in the original lawsuit against Yakima HMA LLC that this court reversed for lack of associational standing. The statute of limitations on individual suits expired during that time. The union's perhaps unwise litigation strategy is understandably disappointing to the nurse members

and may result in action against the union, but it is not a justification for granting

equitable tolling. We should affirm the Court of Appeals. I respectfully dissent.

Discussion

Daniel Campeau is a member of the Washington State Nursing Association

(Association). The Association sued its members' employer, Yakima HMA, for wage

and hour violations in 2015. *Wash. State Nurses Ass'n v. Yakima HMA, LLC*, 196 Wn.2d

409, 411-13, 469 P.3d 300 (2020) (*WSNA*). After a nine-day bench trial, the court ruled

in favor of the Association.

On appeal, this court reversed the trial court and dismissed the case based on a

lack of associational standing. *Id.* at 412-14. Specifically, the court held that the nurses'

damages were not easily ascertainable as representational standing requires. *Id.* at 426.

Within a few months of that decision, Campeau filed the current action, seeking

class certification and alleging the same claims as in the dismissed original union case.

Yakima HMA moved to dismiss the suit, arguing the claims were filed after the statute of

limitations had run. Campeau responded that equitable tolling should apply. The trial

court agreed. Applying this court's recent precedent, the Court of Appeals reversed, and

we granted review.

"Equitable tolling" is "[a] court's discretionary extension of a legal deadline as a

result of extraordinary circumstances that prevented one from complying despite

reasonable diligence throughout the period before the deadline passed." BLACK'S LAW

DICTIONARY 680 (11th ed. 2019). Similar to other doctrines in equity, equitable tolling

2

grew from the desire to relieve parties in special circumstances from the "'harshness of strict legal rules.'" *Fowler*, 200 Wn.2d at 118 (quoting *Ames v. Dep't of Lab. & Indus.*, 176 Wash. 509, 513, 30 P.2d 239 (1934)). This extraordinary form of relief is a departure from the norm; generally, an untimely suit is barred by a statute of limitations. *Id.*

Statutes of limitations reflect the importance of final, settled judgments. *Id.* A statutory time limit is an *express* "'*legislative declaration of public policy* which the courts can do no less than respect.'" *Id.* (emphasis added) (internal quotation marks omitted) (quoting *Bilanko v. Barclay Court Owners Ass'n*, 185 Wn.2d 443, 451-52, 375 P.3d 591 (2016)). Requiring prospective plaintiffs to assert claims before evidence is lost protects defendants and courts from litigating stale claims. *Id.* at 118-19 (citing *Douchette v. Bethel Sch. Dist. No. 403*, 117 Wn.2d 805, 813, 818 P.2d 1362 (1991)).

Because equitable tolling, by its nature, frustrates the public policy goals of statutes of limitations, courts do not grant equitable tolling broadly. *Id.* at 119. Courts are cautioned against applying tolling in such a manner that it substitutes the positive rule of a statute of limitations with "'a variable rule'" based on "'individual ideas of justice.'" *Id.* (quoting *Leschner*, 27 Wn.2d at 926). These departures "must be *rare* in order for th[e] general rules to have their intended effect." *Id.* (emphasis added).

This court has determined the prerequisites for tolling of a statute of limitations in all civil actions: bad faith, deception, or false assurances by the defendant, and exercise

of diligence by the plaintiff. *Id.* These conditions are "*necessary* to justify equitable tolling of a statute of limitations in the civil context." *Id.* at 113 (emphasis added).

There is no dispute that the prerequisites for equitable tolling are not met here. Campeau has not shown that Yakima HMA acted in bad faith, deceived, or made false assurances. The majority acknowledges as much, yet it still grants tolling. It does so by limiting *Fowler* to its facts. Majority at 9. Because *Fowler* did not consider *American Pipe*[1] or the procedural posture of the current case (where associational standing is reversed and a member of that association files a follow-on class action), the majority concludes that *Fowler*'s reach is limited and does not bind us. *See id.*

These distinctions are makeweight and carry no legal significance. The majority devotes a section of its opinion to explaining why the analysis in *American Pipe* does not apply to the facts of this case. Majority at 5-6. I agree. But if *American Pipe* plays no role here, it is not relevant and the fact that *Fowler* did not discuss that case does not matter.

The majority's casual treatment of our precedent suggests that not much is needed to disregard existing law and chart a new course, but the mere act of identifying a difference does not render a case *legally* distinct such that we are not bound by precedent. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 510, 138 S. Ct. 1612, 200 L. Ed. 2d 889 (2018) ("The law of precedent teaches that like cases should generally be treated alike.").

---

[1] *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974).

Differences must be meaningful. *E.g.*, *City of Auburn v. Brooke*, 119 Wn.2d 623, 631, 836 P.2d 212 (1992) (noting a difference between two court rules but concluding it did "not make a significant difference in the ultimate outcome of the cases because the relevant rules are quite similar."); *Staples v. Allstate Ins. Co.*, 176 Wn.2d 404, 418, 295 P.3d 201 (2013) (seeing "no meaningful difference" between the examination under oath requirement from the general duty to cooperate for insurers).

The procedural differences between this case and *Fowler* are not meaningful. *Fowler* involved a dispute between a certified class of teachers against a state agency. 200 Wn.2d at 112. The present case concerns a follow-on putative class action of nurses against their private employer after their associational suit was reversed. These are distinctions, but why do they matter? The majority has no answer, but *Fowler* does. *Fowler* did not mince words as to the legal issue presented: the case "asks us to clarify the standards for equitable tolling *in civil cases* under Washington law." *Id.* (emphasis added). That is, in *all* civil cases. We clarified the standard, not by establishing a new test but simply by "reiterating the four conditions this court has *previously identified as necessary* to justify equitable tolling." *Id.* at 113 (emphasis added). That *Fowler* did not concern the exact procedural facts as this case does not justify ignoring the four conditions required to obtain equitable tolling. By failing to show bad faith, deception, or false assurances, Campeau does not satisfy those conditions. *See id*. at 119.

I agree with the majority that *American Pipe* does not apply. In *American Pipe*, a state brought an antitrust action 11 days before the 1-year statute of limitations expired.

5

414 U.S. at 540-41. The trial court denied certification for lack of numerosity. *Id.* at 543. After that denial and the statute of limitations expired, parties in the putative class moved to intervene. The court denied intervention as untimely. *Id.* at 541-44. On appeal, the Supreme Court held that the interveners were not time barred. *Id.* at 554. Based on the federal civil rules, the Court noted that class actions are "truly representative suit[s]" where class member claims are advanced by class representatives. *Id.* at 550. Thus, class members should be considered parties "until and unless they receive notice" and decide not to continue. *Id.* at 551. Filing the class action satisfied the statute of limitations for the class members as well as the intervenors. *Id.*

As previously discussed, the nurses' union in the original wage and hour suit did not bring a class action. Instead, the union asserted but ultimately did not prove associational standing. *See WSNA*, 196 Wn.2d at 414-15. Associational standing and class actions are distinct. *Id.* at 431-32 (Yu, J., dissenting) (quoting *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Brock*, 477 U.S. 274, 289, 106 S. Ct. 2523, 91 L. Ed. 2d 228 (1986)); *Retired Chi. Police Ass'n v. City of Chicago*, 76 F.3d 856, 864 (7th Cir. 1996) ("'the inquiry with respect to associational standing, while similar, is not identical [to the class certification analysis]'" (alteration in original) (quoting *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 607 (7th Cir. 1993))). Part of *American Pipe*'s rationale is that the putative class included all members who later brought individual suits. *See* 414 U.S. at 554; *In re WorldCom Sec. Litig.*, 496 F.3d 245, 255 (2d Cir. 2007). In effect, no new parties entered litigation. In associational

6

standing, however, an organization might bring suits without authorization from its members and other members may later seek to file individual suits. *See Int'l Union*, 477 U.S. at 290 (noting the concern that associations will not always adequately represent the interests of all injured members). Effectively, unlike putative class members, new parties would enter litigation. That is the case here.

Equitable tolling is an extraordinary measure granted at the discretion of the judiciary—but not without application of a consistent legal analysis. *Fowler*, 200 Wn.2d at 118. To avoid the risk that individual judicial actors will grant relief based on their individual notions of justice and fairness, we have set out four requirements necessary to obtain equitable tolling. *Id.* at 119. Those requirements have not been met here, as the majority recognizes. Therefore, tolling is not appropriate, even though this result is disappointing to Association members who demonstrated their employer withheld wages. *See WSNA*, 196 Wn.2d at 414-15. The Association employed a strategy of associational standing that they ultimately could not prove, and it attempted to rectify that litigation choice by filing a class action past the statutory deadline. Unfortunately, this is a case of a union making an unsuccessful strategic choice on behalf of its members. It is not a case justifying the extraordinary relief of equitable tolling, and we should not disregard our long-standing precedent to save the day.

## Conclusion

I agree with the majority that *American Pipe* is not applicable and this case does not require us to decide whether *American Pipe* tolling generally applies in Washington.

7

However, I disagree with the majority's expansion of our general equitable tolling principles based on nothing more than setting aside *Fowler*. We should follow established precedent that sets forth the test for equitable tolling in all civil cases and conclude that Campeau has not satisfied the prerequisites for tolling: specifically Campeau showed no bad action, deception, or false assurances on the part of Yakima HMA. *See Fowler*, 200 Wn.2d at 119. Accordingly, tolling is not appropriate and we should affirm the Court of Appeals, however reluctantly. With these considerations in mind, I respectfully dissent.

_____
Madsen, J.

_____
Stephens, J.