[No. 91247-5.

Argued February 18, 2016.    Decided April 28, 2016.

CAROLYN ROBBS BILANKO, *Respondent*, v. BARCLAY COURT
OWNERS ASSOCIATION, *Appellant*.

444

*Averil B. Rothrock*, *Lawrence A. Costich*, and *Milt Reimers* (of *Schwabe Williamson & Wyatt PC*), for appellant.

*Matthew D. Hartman* (of *Impact Law Group PLLC*); *Jeffrey E. Bilanko* (of *Gordon & Rees LLP*); and *Carolyn R. Bilanko* (of *Bracewell LLP*), for respondent.

¶1 GONZÁLEZ, J. — The Barclay Court Owners Association amended its condominium declaration to restrict the number of units that could be leased at one time. After this amendment was passed and recorded, Carolyn Bilanko purchased a condo at Barclay Court. Four years later, Bilanko challenged the amendment as improperly passed. We must decide whether Bilanko's challenge is timely under the Washington Condominium Act (WCA), chapter 64.34 RCW. We hold that it is not timely and reverse.

BACKGROUND

¶2 Barclay Court is a condominium owners' association for a 28-unit residential condominium development in Seattle, Washington. Barclay Court was organized under the WCA, chapter 64.34 RCW,[1] and recorded its residential condominium declaration (Declaration) on May 2, 2001. Section 9.2 of the 2001 Declaration stated that there was "no restriction on the right of any [o]wner to lease or otherwise rent its [u]nit." Clerk's Papers (CP) at 111.

¶3 Seven years later, Barclay Court amended its Declaration to limit leasing with the stated intent of "preserving and enhancing the value of the Condominium and of the individual units." *Id.* at 204, 206. This amendment, "Amendment No. 1," provided that only seven units could be leased at any time. Under the Declaration, the "imposition of any restrictions on leasing of [u]nits" required only a 67 percent

---

[1] The Washington Condominium Act governs condominium complexes created after July 1, 1990. *Filmore LLLP v. Unit Owners Ass'n of Centre Pointe Condo.*, 184 Wn.2d 170, 171-72, 355 P.3d 1128 (2015) (citing *Shorewood W. Condo. Ass'n v. Sadri*, 140 Wn.2d 47, 52, 992 P.2d 1008 (2000)).

vote to pass. *Id.* at 194.[2] However, any changes to the "uses to which any [u]nit is restricted" required a 90 percent vote to pass. *Id.* at 194. The Declaration does not define the term "use," and it is not immediately apparent which vote total was needed to approve the amendment.[3] We do know that the amendment received at least 67 percent of the vote on October 27, 2008.[4] The association treated the amendment as effective. It was properly recorded on November 3, 2008.

¶4 A year later, Bilanko purchased a two-bedroom unit in Barclay Court. Her recorded statutory warranty deed indicated the property was subject to Barclay Court's Declaration and Amendment No. 1. At some point, Bilanko decided she wanted to lease her unit. Unfortunately, seven units were already being leased at the time. In March 2013, Bilanko asked to be put on the leasing waiting list. She was number five on the waiting list. In September 2013, Bilanko requested a hardship waiver under section 9.2.6.5 of the amendment to allow her to lease her unit. Barclay Court denied Bilanko's request. Bilanko persisted. She notified Barclay Court in October 2013 that she intended to lease her unit beginning in November and would sue unless Barclay Court revised Amendment No. 1. Counsel for Barclay Court responded that Bilanko would violate the Declaration if she leased out her unit and that Barclay Court had the right to evict any unauthorized tenants.

¶5 Bilanko sued Barclay Court on July 14, 2014, alleging that the leasing amendment was invalid because it had not received sufficient votes to change the "uses to which any [u]nit is restricted" under RCW 64.34.264 and the Declaration. CP at 1-7. Barclay Court moved for partial summary

---

[2] Section 5.5 of the Declaration indicates voting is allocated equally to each unit, with each unit entitled to one vote.

[3] We are aware of the recurring, unsettled question of whether the definition of "use" in the WCA includes the leasing or renting of a unit. The legislature may well wish to clarify the WCA on this point.

[4] While the exact vote count is not in the record before us, the amendment, as signed by the president of Barclay Court, states it passed with at least 67 percent of the vote.

judgment, arguing that Bilanko's action was barred by the one-year statute of limitations under RCW 64.34.264(2) and an identical one-year limit in the Declaration. Bilanko moved for declaratory relief, arguing that the amendment was not correctly adopted, that it was void ab initio, and that her challenge was not barred by the statute of limitations. The trial court judge initially granted Barclay Court's motion and denied Bilanko's. It found that although Bilanko would have prevailed on the merits had she filed a timely challenge, the statute of limitations under RCW 64.34.264(2) barred her claim. Shortly afterward, the trial judge stayed its order and certified the case for interlocutory review under RAP 2.3(b)(4).

¶6 Meanwhile, Division Three of the Court of Appeals held that a challenge to an amendment that was not properly passed under the WCA is not barred by the one-year limitation in RCW 64.34.264(2). *Club Envy of Spokane, LLC v. Ridpath Tower Condo. Ass'n*, 184 Wn. App. 593, 601, 337 P.3d 1131 (2014). After the *Club Envy* decision, Bilanko moved the trial court to vacate its previous orders and enter judgment for her. Based on *Club Envy*, the trial court granted her motion, declared Barclay Court's amendment invalid, and entered summary judgment for Bilanko. The parties stipulated to dismissal of the remaining claims without prejudice under CR 41(a)(1)(A) to facilitate review.

¶7 Barclay Court timely sought direct review in this court under RAP 4.2(a)(4) as a fundamental and urgent issue of broad public importance. We granted review.

ANALYSIS

¶8 Barclay Court argues that Bilanko's challenge to Amendment No. 1 is time barred under RCW 64.34.264(2). We agree. Under a plain reading of the statute, a challenge to an allegedly invalid amendment cannot be brought more than one year after the amendment is recorded. Unlike in

*Club Envy*, equity does not demand the time limit for this challenge be tolled.

¶9 Whether a claim is time barred is a legal question we review de novo. *Goodman v. Goodman*, 128 Wn.2d 366, 373, 907 P.2d 290 (1995). RCW 64.34.264(2) provides that "[n]o action to challenge the validity of an amendment adopted by the association pursuant to this section may be brought more than one year after the amendment is recorded." Section 25.1 of the Declaration contains nearly identical language as the WCA, barring challenges more than one year after the recording of an amendment.

¶10 The plain language of RCW 64.34.264(2) bars challenges to the *validity* of an amendment brought more than one year after recording the amendment.[5] Since the statute does not define "validity," we look to a dictionary to determine its ordinary meaning. *State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010) (citing *Estate of Haselwood v. Bremerton Ice Arena, Inc.*, 166 Wn.2d 489, 498, 210 P.3d 308 (2009)). "Valid" is defined as "[l]egally sufficient; binding." BLACK'S LAW DICTIONARY 1784 (10th ed. 2009). This time bar, then, is intended to prevent challenges to whether an amendment is legally sufficient or binding that are brought more than a year after recording the amendment.

¶11 Here, Bilanko is challenging the legal sufficiency of the amendment. She argues that the amendment is "invalid because it did not receive the level of owner approval required under the WCA." Resp't Bilanko's Appellate Br. at 10 (boldface omitted). Under RCW 64.34.264(2), Bilanko had one year from November 3, 2008, when Barclay

---

[5] The parties dispute whether this time bar operates as a statute of limitations or a statute of repose. A statute of limitation bars a plaintiff from bringing an already accrued claim after a specific period of time has passed; a statute of repose, however, terminates a right of action after a specified time, even if an injury has not yet occurred. *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 574-75, 146 P.3d 423 (2006) (quoting *Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 211-12, 875 P.2d 1213 (1994)). We need not decide between the two as the result is the same in this case.

Court recorded the amendment, to bring her challenge. Bilanko did not challenge the validity of the amendment until 2014. Bilanko's challenge is time barred under the plain language of RCW 64.34.264(2).

¶12 Relying on *Club Envy*, Bilanko argues that the time bar applies only to amendments that were passed "pursuant to," or "in compliance with," the requirements of RCW 64.34.264. Resp't Bilanko's Appellate Br. at 31 (citing *Club Envy*, 184 Wn. App. at 593). Adopting her approach would require us to consider the merits of a challenge before determining whether the time bar applies—an approach we are reluctant to adopt in this case. In contrast, it is easy to see why the court took that approach in *Club Envy*. There, the unit owners alleged the condo association president, who had been convicted of fraud in unrelated cases at the time of summary judgment, had fraudulently filed amendments decreasing the allocated interests of each unit owner. *Club Envy*, 184 Wn. App. at 597-98. Nothing in the opinion suggests that *any* vote was held, and the unit owners were not aware of the amendment until after the amendment was recorded. *Id.* at 602. While not specifically reaching (but hinting strongly) whether in fact the amendments had been fraudulently filed, the Court of Appeals held that a challenge to the "validity of the amendment as not being properly passed by the association pursuant to the WCA is not barred by RCW 64.34.264(2)'s one-year limitation." *Id.* at 601.

¶13 *Club Envy* dealt with a strikingly different issue than what is present in this case. There, it appears the condo association president committed fraud by recording an amendment that he did not have the legal authority to record without the consent of *any* of the other unit owners. The court concluded the amendment was void ab initio,[6] or "void from its inception." *Club Envy*, 184 Wn. App. at 600-01.

---

[6] An agreement or contract is "void ab initio" if it "seriously offends law or public policy, in contrast to a contract that is merely voidable at the election of one party to the contract." BLACK'S, *supra*, 1805.

Actions that exceed the decision-maker's authority are generally void. *See, e.g., S. Tacoma Way, LLC v. State*, 169 Wn.2d 118, 123, 233 P.3d 871 (2010) (indicating that a government contract is void only where the government entity "had no authority to enter the contract in the first place"); *see In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 719-23, 10 P.3d 380 (2000) (holding judgment and sentence invalid where court had no authority to convict defendant of a nonexistent crime); *cf. In re Disciplinary Proceeding Against Hammermaster*, 139 Wn.2d 211, 219, 985 P.2d 924 (1999) (discussing municipal judge's lack of authority to impose unauthorized sentences). These types of challenges can generally be made outside of a statutory time bar. *Club Envy*, 184 Wn. App. at 601; *accord S. Tacoma Way*, 169 Wn.2d at 124 ("If the transaction was truly void, as our cases recognize, it would be subject to challenge and invalidation at any time, perhaps years later."); *see also Allstate Ins. Co. v. Khani*, 75 Wn. App. 317, 323-24, 877 P.2d 724 (1994) ("Void judgments may be vacated regardless of the lapse of time." (citing *In re Marriage of Leslie*, 112 Wn.2d 612, 618-19, 772 P.2d 1013 (1989))).

¶14 In essence, Bilanko asks us to hold that any legal error committed by a condominium association that changes a declaration renders the change void and challenges exempt from the WCA time bar. It is true that condominium associations are organized as corporations, and corporations must act in accordance with any formalities "prescribed by its charter, or by the general law." *Twisp Mining & Smelting Co. v. Chelan Mining Co.*, 16 Wn.2d 264, 294, 133 P.2d 300 (1943); RCW 64.34.300. It is also true that when a corporation acts beyond its corporate powers or its actions offend public policy, those actions are void. *Twisp*, 16 Wn.2d at 293-94. But if a corporation fails to observe some statutory requirement while acting within its corporate powers, the act is "voidable only, and is valid until avoided, not void until validated." *Id.* at 294 (quoting 19 C.J.S. *Corporations* § 968 (1940)). Actions that fail to comply with stat-

utory requirements are generally not void unless the legislature has authorized such a penalty. *See Way v. Pac. Lumber & Timber Co.*, 74 Wash. 332, 333, 133 P. 595 (1913) (articulating rule that "a contract which violates a statutory regulation of business is not void unless made so by the terms of the act"); *see also Yakima Lodge No. 53 v. Schneider*, 173 Wash. 639, 642-43, 24 P.2d 103 (1933) ("The ordinance did not provide that contracts made in violation thereof should be void."); *accord Allison v. Medicab Int'l, Inc.*, 92 Wn.2d 199, 203, 597 P.2d 380 (1979) (noting failure to comply with statutory requirements to register franchise did not render franchise agreement void).

¶15 In this case, however, there is nothing in the record to suggest that Barclay Court committed fraud, seriously offended public policy, or exceeded its legal authority in passing the amendment. Accordingly, the amendment is not void ab initio. Barclay Court followed the procedures set out in article 25 of its Declaration: a majority of the board of directors voted to submit the amendment for owner approval, all owners were notified of the proposed amendment in writing, and at least 67 percent of the owners approved the amendment. Barclay Court acted within the statutory authority it has under RCW 64.34.264(5) to prepare, execute, record, and certify the amendment. Nothing in RCW 64.34.264 suggests that the legislature intended to make amendments not passed with the required supermajority void and subject to challenge at any time. It strains credulity to believe that it would not make such a draconian consequence explicit in the statute.

¶16 We need not decide what vote threshold was necessary to enact Amendment No. 1. Regardless of the percent required to pass the amendment, it was, at most, voidable. Challenges to voidable amendments must be made within the one-year time bar set out in RCW 64.34.264(2). To hold otherwise would render the time bar meaningless, for unit owners could challenge amendments years after passage. A statutory time bar is a " 'legislative declaration of public

policy which the courts can do no less than respect,' " with rare equitable exceptions. *Cost Mgmt. Servs., Inc. v. City of Lakewood*, 178 Wn.2d 635, 651, 310 P.3d 804 (2013) (quoting *J.M. Arthur & Co. v. Burke*, 83 Wn. 690, 693, 145 P. 974 (1915)); *Millay v. Cam*, 135 Wn.2d 193, 206, 955 P.2d 791 (1998) (discussing predicates for equitable tolling of statutory time limits).

¶17 Unlike in *Club Envy*, where it appears the amendments were fraudulently filed, no grounds for equitable tolling appear here. Bilanko purchased her condo with Barclay Court over a year *after* the amendment had been voted on by the unit owners, passed, and recorded. She was on constructive, if not actual, notice at the time of purchase that her condo unit was subject to a leasing restriction.[7] Bilanko did not have to purchase a condo subject to a leasing restriction. As the Declaration does not impose any restraints on alienation, Bilanko is free to sell her unit at any time.

¶18 Accordingly, we hold that Bilanko's challenge to the amendment is time barred under RCW 64.34.264(2).[8]

CONCLUSION

¶19 We hold that Bilanko's challenge to the declaration amendment is barred by the one-year limitation under RCW 64.34.264(2). We reverse the trial court's summary judgment ruling in favor of Bilanko and remand the case

---

[7] *Washington Practice* is instructive on this point: "Obviously the purchaser of a condominium unit should review in detail the existing use restrictions . . . . The investigation is an important one for the purchaser, but it is mainly a practical and personal, and not a legal, problem." 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE § 12.10, at 53 (2d ed. 2004).

[8] RCW 64.34.455 grants courts the discretion to award attorney fees to the "prevailing party." Barclay Court is the prevailing party, and we therefore award them reasonable attorney fees under RAP 18.1.

back to the trial court for further proceedings consistent with our opinion.

MADSEN, C.J., and JOHNSON, OWENS, FAIRHURST, STEPHENS, WIGGINS, GORDON MCCLOUD, and YU, JJ., concur.

Reconsideration denied July 21, 2016.