**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

FILED
MAY 2, 2023
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DANIEL CAMPEAU, individually and on behalf of all persons similarly situated, | ) ) ) | No. 38152-8-III |
| Respondent, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| YAKIMA HMA LLC, | ) ) | |
| Petitioner. | ) | |

LAWRENCE-BERREY, A.C.J. — In 2015, the Washington State Nurses Association (WSNA) brought suit on behalf of its union members against their employer, Yakima HMA LLC (Yakima Regional), and obtained a large judgment for back wages and attorney fees. Our Supreme Court reversed that judgment and dismissed the action because WSNA lacked associational standing to bring suit on behalf of its members.

Daniel Campeau, a union member of WSNA, then brought this action seeking class certification and asserting the same claims that had been dismissed. Yakima Regional moved to dismiss on the basis that the statute of limitations had run on Mr. Campeau's claims. The trial court denied the motion, concluding that the statute of limitations had been equitably tolled by WSNA's suit. Yakima Regional sought

No. 38152-8-III
*Campeau v. Yakima HMA*

discretionary review of that ruling, and we granted review.

While review was pending, the Washington State Supreme Court clarified the

doctrine of equitable tolling.  Mr. Campeau tacitly concedes that the doctrine does not

apply here.  He now argues that the statute of limitations was tolled under another

doctrine, *American Pipe*[1] tolling.

As an intermediate appellate court, we must follow Washington State Supreme

Court precedent.  Recent precedent requires us to conclude that *American Pipe* tolling is

not available in Washington.  But even if it was available, the doctrine would not apply

here.  We reverse the trial court's order and dismiss Mr. Campeau's claims.

FACTS

*Previous litigation*

Mr. Campeau was employed as a home care nurse from 2011 to 2016.  In 2015, his

union, WSNA, brought suit against Mr. Campeau's employer, Yakima Regional, alleging

various wage and hour violations.  That case was eventually dismissed by our Supreme

Court; we include the facts of the litigation as related in the court's opinion:

---

[1] *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974).

No. 38152-8-III
*Campeau v. Yakima HMA*

In April 2015, WSNA filed suit against Yakima Regional on behalf of 28 home health and hospice nurses seeking damages under the Washington Minimum Wage Act[2] and the industrial welfare act[3] for unpaid working hours, overtime hours, and missed meal periods.

. . . .

In 2017, the parties filed cross motions for summary judgment. WSNA sought partial summary judgment on liability, and Yakima Regional sought summary dismissal on the grounds that WSNA lacked associational standing to bring its claim. The trial court denied both motions, but it certified its order denying Yakima Regional's motion for summary judgment for interlocutory discretionary review under RAP 2.3(b)(4) because there was substantial ground for a difference of opinion on the standing issue. The Court of Appeals denied the motion for discretionary review because more factual development was necessary to determine what evidence WSNA would rely on to establish damages.

A nine-day bench trial began in January 2018. At trial, nine nurses testified about the work environment, the hours they worked without pay, and missed meal periods. . . .

. . . .

In its findings of fact and conclusions of law, the trial court held that WSNA had associational standing to bring the claims. . . . The court found total damages to be $1,447,758.09 and awarded WSNA attorney fees and court costs. Finally, the court ruled that Yakima Regional knowingly and willfully deprived the nurses of their pay and ordered double damages pursuant to RCW 49.52.070.

Yakima Regional appealed, arguing, among other things, that WSNA lacked associational standing; WSNA cross appealed.

*Wash. State Nurses Ass'n v. Cmty. Health Sys., Inc.*, 196 Wn.2d 409, 412-14, 469 P.3d 300 (2020). Our Supreme Court reversed the trial court and dismissed the case, holding

---

[2] Chapter 49.46 RCW.

[3] Chapter 49.12 RCW.

3

No. 38152-8-III
*Campeau v. Yakima HMA*

that WSNA did not have associational standing because the damages for the individual

nurses "were not certain or easily ascertainable." *Id.* at 426. It filed its decision on

August 13, 2020. *Id.* at 409.

*Current litigation*

On October 7, 2020, Mr. Campeau filed this action against Yakima Regional,

seeking class certification and raising the same claims as in the WSNA case. The

complaint stated it sought "to vindicate the rights of the nurses who prevailed at trial in

the WSNA [c]ase, but who have still not been paid the wages they are due." Clerk's

Papers (CP) at 2. The complaint noted that Mr. Campeau had taken "an active role" in

the prior case, including testifying at trial. CP at 3. Yakima Regional answered that Mr.

Campeau's claims were barred by the statute of limitations and moved to dismiss on the

pleadings under CR 12(c).

Mr. Campeau argued that the court should apply equitable tolling, relying on

Washington authority applying federal law and our Supreme Court's decision in *In re*

*Personal Restraint of Fowler*, 197 Wn.2d 46, 479 P.3d 1164 (2021). He argued that those

authorities did not require him to show that bad faith by Yakima Regional interfered with

his ability to timely file suit.

4

No. 38152-8-III
*Campeau v. Yakima HMA*

At oral argument before the trial court, Mr. Campeau reiterated, "We are not alleging any bad faith or deception on the part of [Yakima] Regional. We rely on an alternative series of equitable tolling cases." Rep. of Proc. (RP) at 24-25. He also acknowledged that there had not been any barrier to the nurses joining or intervening in the WSNA case or filing their own claims previously, beyond it being an "unnecessary multiplication of litigation." RP at 26. The trial court ruled that the elements for equitable tolling had been satisfied and denied Yakima Regional's motion to dismiss.

*Appellate procedure*

Yakima Regional petitioned this court for discretionary review, which we granted under RAP 2.3(b)(1). Comm'r's Ruling, *Campeau v. Yakima HMA, LLC*, No. 38152-8-III,

at 10 (Wash. Ct. App. June 16, 2021). While review was pending, our Supreme Court decided *Fowler v. Guerin*, 200 Wn.2d 110, 123, 515 P.3d 502 (2022), in which it clarified that the more lenient standard for equitable tolling set forth in *Personal Restraint of Fowler* was to be applied in the context of personal restraint petitions only. In civil suits, plaintiffs were still required to show that a defendant's bad faith interfered with timely filing suit. *Id.* at 125.

5

No. 38152-8-III
*Campeau v. Yakima HMA*

ANALYSIS

EQUITABLE TOLLING

Yakima Regional contends the statute of limitations has run on Campeau's claims and that equitable tolling is not appropriate.[4] We agree.

We review a trial court's grant of equitable relief de novo. *Niemann v. Vaughn Cmty. Church*, 154 Wn.2d 365, 375, 113 P.3d 463 (2005). In civil cases, Washington has consistently required a plaintiff seeking equitable tolling of the statute of limitations to demonstrate

> (1) the plaintiff has exercised diligence, (2) the defendant's bad faith, false assurances, or deception interfered with the plaintiff's timely filing, (3) tolling is consistent with (a) the purpose of the underlying statute and (b) the purpose of the statute of limitations, and (4) justice requires tolling the statute of limitations.

*Fowler v. Guerin*, 200 Wn.2d at 125 (describing the four predicates as the *Millay*[5] standard). Federal courts follow a more "relaxed" standard, which our Supreme Court has followed only in the setting of personal restraint petitions, where it has inherent

---

[4] Although not explicitly discussed by the parties, the statute of limitations is three years for bringing a claim for unpaid wages. RCW 4.16.080(3); *Seattle Pro. Eng'g Emps. Ass'n v. Boeing Co.*, 139 Wn.2d 824, 837-38, 991 P.2d 1126 (2000).

[5] *Millay v. Cam*, 135 Wn.2d 193, 955 P.2d 791 (1998).

6

No. 38152-8-III
*Campeau v. Yakima HMA*

authority to extend time to file a habeas-style challenge to a conviction. *Id*. at 123-24

(citing *Pers. Restraint of Fowler*, 197 Wn.2d at 53).

Campeau tacitly concedes that equitable tolling is not available under Washington

law and instead urges this court to apply the tolling rule announced in *American Pipe &*

*Construction Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974). Yakima

Regional contends that *American Pipe* tolling is not available in Washington because it

would relieve a plaintiff of a required predicate for tolling the statutes of limitations in

civil actions—that a defendant's bad faith interfered with the plaintiff timely filing suit.

We agree.

AMERICAN PIPE TOLLING

In *American Pipe*, the State of Utah commenced a putative class action suit against

American Pipe and Construction Company and others, alleging violations of the Sherman

Act, 15 U.S.C. § 1. 414 U.S. at 540-41. The suit was filed 11 days before the statute of

limitations ran. *Id.* at 541-42. The trial court declined to certify the case as a class action

because the plaintiffs were not so numerous that joinder was impracticable. *Id.* at 543.

Eight days after the order denying class action status, 60 Utah public agencies and

entities, members of the original putative class, moved to intervene in the action. *Id.* at

7

No. 38152-8-III
*Campeau v. Yakima HMA*

543-44. The trial court denied the motions, concluding the statute of limitations had run and had not been tolled by the filing of the class action on their behalf. *Id.* at 544.

The United States Supreme Court reversed, holding that where class certification was denied solely on the grounds of numerosity, "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id.* at 553. It reasoned that requiring individual class members to preemptively "file protective motions to intervene or to join in the event that a class was later found unsuitable" would run contrary to a principal purpose of the class action procedure, efficiency and economy of litigation. *Id.*

A.    *American Pipe* tolling is not available in Washington

In *Fowler v. Guerin*, our Supreme Court explained that "statutes of limitation reflect the importance of finality and settled expectations in our civil justice system." 200 Wn.2d at 118. And "'[a] statutory time bar is a legislative declaration of public policy which the courts can do no less than respect, with rare equitable exceptions.'" *Id.* (internal quotation marks omitted) (quoting *Bilanko v. Barclay Ct. Owners Ass'n*, 185 Wn.2d 443, 451-52, 375 P.3d 591 (2016)). The court "cautioned against broadly applying equitable tolling in a manner that 'would substitute for a positive rule established by the

8

No. 38152-8-III
*Campeau v. Yakima HMA*

legislature a variable rule of decision based upon individual ideas of justice.'" *Id.* at 119

(quoting *Leschner v. Dep't of Lab. & Indus.*, 27 Wn.2d 911, 926, 185 P.2d 113 (1947)).

In emphasizing the necessity of the second predicate of the four-part *Millay* standard, the

court wrote, "[B]y allowing equitable tolling upon a showing that the defendant engaged

in bad faith, false assurances, or deception, the *Millay* standard properly recognizes that a

defendant should lose the benefits of finality provided by statutes of limitation only when

that defendant has engaged in conduct that justifies making an exception." *Id.* at 121.

Later in its opinion, the court reiterated this point: "'In the absence of bad faith on the

part of the defendant . . . *equity cannot be invoked*.'" *Id.* at 123 (emphasis added)

(quoting *Douchette v. Bethel Sch. Dist. No. 403*, 117 Wn.2d 805, 812, 818 P.2d 1362

(1991)).[6]

    *American Pipe* tolling does not require a plaintiff to show that the defendant

engaged in conduct that interfered with the plaintiff's timely filing. And because *Fowler*

---

[6] We note some ambiguity here. A proper reading of the majority opinion does not require a showing of the defendant's "bad faith." Rather, equitable tolling may be found if the defendant "engaged in conduct" that "interfered with the plaintiff's timely filing." *Fowler v. Guerin*, 200 Wn.2d at 121, 125 (linking the conduct to the other requirement of the second predicate).

    This reading is consistent with Justice Yu's instruction: "[C]ourts must make a fact-specific determination in each case where equitable tolling is sought, based on what the defendant knew or should have known, and how the defendant's conduct affected the plaintiff's ability to timely file their claim." *Id.* at 126 (Yu, J., concurring).

9

No. 38152-8-III
*Campeau v. Yakima HMA*

*v. Guerin* prohibits equitable tolling of the statute of limitations in a civil case without

such a showing, *American Pipe* tolling is not available in Washington.

    B.    <u>*American Pipe* tolling would not apply</u>

As an alternative basis for our decision, even if *American Pipe* tolling was

available in Washington, that doctrine would not apply here.

Before today, our courts have not decided whether *American Pipe* tolling is

available under Washington law.  But the occasional references to the doctrine indicate

that type of tolling is limited to class actions.

Our Supreme Court has explained that *American Pipe* tolling stays "'the

limitations period on viable claims while the trial court determines the parameters of the

class in any possible class action.'"  *Pickett v. Holland Am. Line-Westours, Inc.*, 145

Wn.2d 178, 195, 35 P.3d 351 (2001) (quoting *Anderson v. Unisys Corp.*, 47 F.3d 302,

308 (8th Cir. 1995)). And as we have previously noted, the *American Pipe* rule "makes

sense only in the context of a class action." *Columbia Gorge Audubon Soc'y v. Klickitat

County*, 98 Wn. App. 618, 625, 989 P.2d 1260 (1999).

Here, the initial lawsuit brought by WSNA was not a class action.  Thus, the

*American Pipe* rule does not apply.  Mr. Campeau nonetheless argues that the WSNA

litigation was just like a class action because it was a representative action.  We disagree.

10

No. 38152-8-III
*Campeau v. Yakima HMA*

In a class action, class certification is a threshold issue that is to be determined "[a]s soon as practicable after the commencement of an action brought as a class action." CR 23(c)(1); *see also* FED. R. CIV. P. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."). In the WSNA litigation, our Supreme Court specifically identified early class certification as one of the procedural safeguards of class actions. *Wash. State Nurses Ass'n*, 196 Wn.2d at 422-23. It noted that "[a]ssociational standing cases do not have the same protections." *Id.* at 424.

This case highlights an important difference between suits brought on the basis of associational standing and class actions. In the WSNA case, the question of associational standing was not finally decided until our Supreme Court issued its decision in 2020, five years after the action was commenced and after the merits of the case were fully litigated. *Id.* at 412-14. Because the associational standing question depended on the evidence on which WSNA would rely to establish damages, it was not amenable to interlocutory review and was not a threshold issue like class certification would be. *Id.* at 413, 424-25.

Applied to class actions only, *American Pipe* tolling will extend the statute of limitations for weeks or months. Applied to associational standing, *American Pipe* tolling would extend the statute of limitations for years. Thus, to apply *American Pipe* tolling to

11

No. 38152-8-III
*Campeau v. Yakima HMA*

associational standing would significantly interfere with the important legislative policies

the statute of limitations seeks to further.

    C.      No "unanticipated jurisdictional black hole"

    Mr. Campeau next contends we should apply *American Pipe* tolling because our

Supreme Court's decision in *Washington State Nurses Association* created an

"unanticipated jurisdictional black hole" that prejudiced the nurses. Answer to Yakima

HMA's Opening Br. at 9. We disagree.

*The prior ruling could have been anticipated*

    Yakima Regional challenged WSNA's associational standing throughout the prior

litigation.[7] "Associational standing requires that damages be certain, easily ascertainable,

and within the knowledge of the defendant." *Wash. State Nurses Ass'n*, 196 Wn.2d at

415. The Supreme Court's decision did not create new law; rather, it "decline[d] to alter"

the existing associational standing test. *Id.* at 425.

    At some point prior to trial, WSNA should have known there was a real risk it

could not meet this standard. To the extent Mr. Campeau and the other union members

---

[7] In its motion to dismiss, Yakima Regional represented that "WSNA's lack of standing was asserted in [Yakima Regional's] Answer and at every stage of the lawsuit including summary judgment and trial." CP at 34 n.4.

No. 38152-8-III
*Campeau v. Yakima HMA*

did not anticipate this risk, it has nothing to do with Yakima Regional's conduct; rather, it

has to do with communications between WSNA and its union members.

*No jurisdictional black hole*

Our Supreme Court observed that "WSNA chose to bring these claims using

associational standing, which has limitations under our case law." *Id.* at 415.  The court

noted that "[o]ther routes to collective action . . . were not foreclosed for the nurses,"

including a class action under CR 23 or a collective action under the Fair Labor Standards

Act of 1938, 29 U.S.C. §§ 201-219.  *Id.* at 425.  As Mr. Campeau acknowledged to the

trial court, the 28 individual nurses could also have joined in WSNA's case from the

beginning or intervened when Yakima Regional raised the associational standing issue.

For these reasons, we disagree with Mr. Campeau's contention that the Supreme

Court's prior decision created an "unanticipated jurisdictional black hole."

CONCLUSION

*American Pipe* tolling is not available in Washington because tolling of the statute

of limitations in civil cases requires a showing that the defendant's conduct interfered

with the plaintiff's ability to timely file.  But even if *American Pipe* tolling was available,

it would not apply to an action brought by an association on behalf of its members.  We

conclude that Mr. Campeau's wage claims against Yakima Regional were not tolled and

13

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38152-8-III
*Campeau v. Yakima HMA*

are barred by the statute of limitations. We reverse the superior court's order and dismiss

Mr. Campeau's claims.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____
Pennell, J.

_____
Staab, J.

14