IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DAVID R. DUNCAN, as Trustee of the John and Grace Arata 2004 Trust, | ) ) ) | No. 40246-1-III |
| Appellant, | ) ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| STEPTOE FRIENDLY MART, LLC, a Washington Limited Liability Company, | ) ) ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, C.J. — David Duncan, trustee of the John and Grace Arata 2004 Trust, creditor, appeals the trial court's summary judgment order dismissing his deed of trust foreclosure action against real property owned by Steptoe Friendly Mart, LLC, debtor. The question on appeal is whether a debtor communicated to the creditor an acknowledgment of the debt so as to restart the statute of limitations. Viewing the evidence in the light most favorable to Duncan, including all reasonable inferences, we conclude there is a genuine issue of material fact. We reverse the trial court's summary judgment order and remand for further proceedings.

FACTS

John Arata and Grace Arata formed the "Arata 2004 Trust," designating their son Gary Arata (Gary)[1] as trustee if the parents were unable to act as trustee, and their other son Louis Arata (Louis) as alternate trustee if Gary was unable to act.

Gary served as trustee of the Arata 2004 Trust beginning December 5, 2005. On July 30, 2007, Gary misappropriated trust funds to purchase real property in the name of Steptoe Friendly Mart, LLC (Steptoe LLC), of which he was a managing member. In 2009, Gary's misappropriation was discovered, and Gary resigned as trustee and Louis became successor trustee.

To make things right, Gary, his wife Marie Arata, and Steptoe LLC signed a promissory note for $127,000, payable to the Arata 2004 Trust. The note bore interest at five percent per year on the unpaid balance beginning February 1, 2009, and was due and payable on February 1, 2014. The note was secured by a "Deed of Trust" against the Steptoe LLC property. On March 15, 2016, Gary died.

On February 25, 2017, Marie, as personal representative of her late husband's estate, signed and submitted an estate tax return. In the return, Marie listed her late

---

[1] Because six of the people referred to in the facts have the last name of Arata, after we refer to them by their full names, we shorten later references to their first names.

husband as having a 50 percent interest in the property owned by Steptoe LLC,[2] listed the Arata 2004 Trust as the creditor, and listed the outstanding debt as $165,691.50.

At the time when Marie signed the tax return, Marie's daughter, Laura Arata, was a co-trustee with Louis of the Arata 2004 Trust. Laura became the sole trustee of the Arata 2004 Trust on March 1, 2018, and served as trustee until David Duncan replaced her on April 7, 2021. Duncan then obtained the Arata 2004 Trust file from Laura's lawyer, Gary Dambacher, and in the file was the February 25, 2017 tax return.

*Procedure Below*

On February 13, 2023, Duncan commenced this Deed of Trust foreclosure action.[3] The parties conducted limited discovery and then filed cross motions for summary judgment. Steptoe LLC argued that the promissory note was payable in full on February 1, 2014, no payment had ever been made on it, and so the six-year statute of limitations precluded enforcement of the debt. Duncan argued that the February 25, 2017 tax return was an acknowledgement of the debt communicated by the debtor to the creditor that restarted the statute of limitations.

---

[2] It is likely that Marie is the owner of the other 50 percent interest, but the record is silent on this.

[3] The current beneficiaries of the Arata 2004 Trust are Louis Arata, Marie Arata, and the Gary Arata Trust. So, in essence, this litigation is about Louis recovering the portion of his inheritance that Gary took.

The trial court ruled in favor of Steptoe LLC, determining there was no evidence that the debtor communicated the debt to the creditor. The trial court dismissed Duncan's foreclosure action and quieted title in Steptoe LLC, free from the Deed of Trust. Duncan appeals to this court.

## ANALYSIS

*Standard of Review*

We review summary judgment orders de novo and engage in the same analysis as the trial court. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). We consider the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Rinehold v. Renne*, 198 Wn.2d 81, 96, 492 P.3d 154 (2021). Summary judgment is appropriate only if the sworn pleadings submitted with the motion show there is no genuine issue of any material fact. CR 56(c). A genuine issue of a material fact exists when reasonable minds could differ on the facts that control the outcome of the case. *Dowler v. Clover Park Sch. Dist. No. 400*, 172 Wn.2d 471, 484, 258 P.3d 676 (2011).

*Acknowledgment of Debt*

The statute of limitations to enforce a promissory note is six years. RCW 4.16.040. This and other time bars represent a legislative declaration of public policy that the courts must respect, with rare equitable exceptions. *Bilanko v. Barclay Ct. Owners Ass'n*, 185 Wn.2d 443, 451-52, 375 P.3d 591 (2016).

The policy behind statutes of limitations is to protect defendants from the "burdens of litigating stale claims by requiring prospective plaintiffs to assert their claims before relevant evidence is lost." *Fowler v. Guerin*, 200 Wn.2d 110, 118-19, 515 P.3d 502 (2022). It is not surprising then, that when a debtor acknowledges the debt in writing to a creditor, the period of time to recover is restarted.

This principle is legislatively recognized in the following statute:

**New promise must be in writing.** No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless it is contained in some writing signed by the party to be charged thereby; except, an acknowledgment or promise made after the limitation period has expired shall not restart, revive, or extend the limitation period.

RCW 4.16.280 (LAWS OF 2019, ch. 377, § 2, effective July 28, 2019).

To constitute an "acknowledgement," the writing must be communicated to the creditor or his agent. *Rea v. Rea*, 19 Wn. App. 496, 499, 576 P.2d 84 (1978). The communication need not include an express promise to pay. *Griffin v. Lear*, 123 Wash. 191, 199, 212 P. 271 (1923). Instead, "[i]f one in writing acknowledges he owes a debt, the law will presume that he intends to pay it, unless there is something in the writing which shows a contrary intention." *Id.* "'It is not necessary that both an admission of the debt and a new promise to pay shall be made and signed by the party; but either is

5

sufficient.'" *Id.* (quoting H.G. WOOD, A TREATISE ON THE LIMITATION OF ACTIONS AT LAW AND IN EQUITY § 81b, at 436 (4th ed. 1916)).

The court in *Rea* further described what constitutes an effective communication:

> "The modern and prevailing view is that an acknowledgment, to be effectual so far as the removal of the bar is concerned, must be made either to the creditor or to some one [sic] authorized to act for him, or, if to a stranger, must have been made with the intention that it be communicated to the creditor. Thus, although there are some earlier cases to the contrary, as a general rule the acknowledgment of a debt made to a stranger, and not intended to be communicated to the creditor, will not remove the bar of the statute."

*Rea*, 19 Wn. App. 499 n.5 (quoting 51 AM. JUR. 2D *Limitations of Actions* § 354, at 847 (1970)).

With these principles in mind, we analyze whether the record viewed in the light most favorable to Duncan, including all reasonable inferences, supports his argument that the February 25, 2017 tax return listing of the debt is an acknowledgment sufficient to restart the six-year limitations period.

The February 25, 2017 tax return signed by Marie, as personal representative of her late husband's estate, is a writing signed by the debtor[4] that the debt is unpaid. There is nothing in the writing that shows an intent *not* to pay. The only question then is

---

[4] The Deed of Trust secured payment of the promissory note. The debtors on the note were Gary, Marie, and Steptoe LLC. Even if *one* debtor acknowledged the debt, the full debt would be owed and thus the property would be encumbered by the full debt.

whether the writing was communicated from the debtor to the creditor. For the reasons that follow, the fact that the February 25, 2017 tax return was in the Arata 2004 Trust file allows a trier of fact to reasonably infer that the return was communicated from the debtor to the creditor.

Someone must have provided the tax return to attorney Dambacher for it to be in the Arata 2004 Trust (creditor) file. Had Dambacher received it from a nonclient, one would think that a cover letter enclosing, or an e-mail attaching, the tax return would have been found in the file. The fact that no such document has been found could lead a reasonable trier of fact to find that the tax return was given to Dambacher by his client, Laura, who for all material times had been either the co-trustee or the sole trustee of the Arata 2004 Trust. Thus, the tax return could have been given to the creditor (Laura as co-trustee or sole trustee), but by whom?

Only three entities had control over the original tax return or signed copies— Marie, her late husband's estate attorney, and the tax return's recipient (the State of Washington). Laura denies she was ever a co-personal representative of her father's estate. So, there is little reason to believe she received the tax return from the estate's lawyer, and no reason to believe she received it from the State of Washington. A reasonable trier of fact, therefore, could find that Marie, either in her personal capacity (co-debtor) or as personal representative of her late husband's estate (a different co-

7

debtor), gave the letter to Laura (co-trustee or sole trustee of the creditor), who then gave it to Dambacher.

Steptoe LLC argues that Laura filed a declaration denying she had ever seen the February 2017 tax return or that she provided it to Dambacher. Steptoe LLC argues that this denial requires one to find that the tax return was *not* given to Laura, a representative of the creditor, and therefore the statute of limitations was not renewed. We disagree. Laura may be biased. If the large debt is enforceable, her mother Marie and any other heir to her father's estate will have a significant encumbrance on the subject property. A jury might reasonably disbelieve Laura's self-serving denial. When, on summary judgment, a "fact" is particularly within the knowledge of the moving party and where this "fact" might reasonably be disbelieved by a jury, the matter should proceed to a trial to permit the nonmoving party to impeach the witness directly through cross-examination or indirectly through inferences drawn from other evidence. *Acosta v. City of Mabton*, 2 Wn. App. 2d 131, 138, 408 P.3d 1095 (2018). Here, there are reasonable inferences that Marie gave Laura the February 25, 2017 tax return.

We conclude that a genuine issue of material fact exists whether the statute of limitations was restarted on or after February 25, 2017, by the tax return being given by the debtor to the creditor. And, because Duncan commenced this foreclosure action

8

No. 40246-1-III
*Duncan v. Steptoe Friendly Mart*

within six years of that date, the trial court erred in dismissing it and quieting title in

Steptoe LLC free of the Deed of Trust.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Staab, J.

Cooney, J.

9